IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS LEE,<br><br>   *Plaintiff,*<br><br>v.<br><br>CITY OF PHILADELPHIA, *et al.*,<br><br>   *Defendants.* | CIVIL ACTION<br>NO. 18-05332 |

# ORDER

**AND NOW**, this 24th day of January, 2019, following a hearing with counsel for the parties, it is **ORDERED** that Plaintiff's Motion to Stay Proceedings, (ECF No. 6), is **DENIED** for the reasons stated on the record at the hearing.[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] *See also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[I]in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.").

1