IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS LEE | : | CIVIL ACTION |
| PLAINTIFF | : | NO. 18-05332 |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| DEFENDANTS | : | |

**MEMORANDUM OF LAW**

**I.   FACTUAL BACKGROUND**

On June 2, 2016 at approximately 6:20 p.m., the plaintiff, CURTIS LEE, was at a church located on the corner of Allegheny Avenue and Weymouth Street, Philadelphia, Pennsylvania. At that date and time, the plaintiff had been away from his in-patient treatment program for over 55 days, without necessary medication, and was attempting to get some food from a church's soup kitchen and allegedly created a scene, and the people from the church, had allegedly asked the police to remove him.

Simultaneously, the Philadelphia Police Department Defendants were conducting an undercover drug sting at or near 3100 Weymouth Street. Defendant, Police Officer Robert Killman, (hereinafter "Killman") was in charge of the operation and one of his back up officers was Defendant, Police Officer Donald Vandermay (hereinafter "Vandermay"). Other Defendant police officers, excepting Defendant, Ross, were also present and participated in the undercover drug sales investigation and, later, the assault and battery of the Plaintiff, as well as his false arrest and imprisonment, and malicious prosecution.

Defendant, Vandermay, told the plaintiff to leave the area at which point the plaintiff began to walk away. Once Defendant, Vandermay, had left the area, the plaintiff went back to the church area for food. Prior to going to the church that day, the Plaintiff, CURTIS LEE, had removed money via a MAC machine to buy himself a new cellphone and have some spending money. After the plaintiff went back over to the church for food, Defendant, Vandermay, saw that the plaintiff had returned to the area and became angry with Plaintiff, Curtis Lee.

Defendant, Vandermay, upon seeing the plaintiff, went over to the plaintiff and unnecessarily used excessive force throwing the plaintiff violently to the ground and then threw him violently into a police vehicle, causing him to sustain serious and permanent injuries. The force used by Defendant, Vandermay, against the plaintiff was intentional, unnecessary, unjustified, excessive, reckless, willful, and malicious. The other Defendant, Officers, witnessed what Defendant, Vandermay, did to the plaintiff and failed to stop Vandermay from beating the plaintiff.

Plaintiff was seriously injured, which was and/or should have been apparent at the scene even to the Defendants. The plaintiff later told hospital personnel that "they twisted his arm and I heard a pop", referring to the pain in his right shoulder.

Defendants, Vandermay and Killman, among others made up a reason to charge the Plaintiff in an attempt to justify the beating and the unlawful and false arrest. Defendants, Vandermay and Killman, had no probable cause to search or arrest the Plaintiff in relation to the drug sales, but, after realizing that they had injured the Plaintiff, They claimed he was the "lookout". Plaintiff had no connection to the drug dealers down the block. No drugs or drug money were found on the Plaintiff. The Defendants did not

see the Plaintiff talk to and/or exchange any items with the drug dealers and/or any buyers.

The other Defendant, Officers, knowingly and falsely used the pretext that the Plaintiff was the "lookout" after Defendant, Vandermay, beat and injured the Plaintiff to "cover-up" the beating and injuries, and then effectuated a false arrest to further cover-up the brutality. Each of the Police Officer Defendants, had the opportunity to prevent and/or stop the obviously intentional, unnecessary, unjustified, excessive, reckless, willful, and malicious use of force against the Plaintiff and the unlawful arrest made by Defendant, Vandermay, in full sight of them and Defendant, Killman.

Defendants, City of Philadelphia and Ross, knew and/or should have known that some, if not all, of the Defendant, Officers, and particularly, Defendant, Vandermay, had a history and habit of false arrest, malicious prosecutions and/or use of excessive force, and was prohibited from testifying in court, yet failed to act upon the same at any time prior to the plaintiff's contact with the officers, or to drop the prosecution against the plaintiff once the identity of the officers were known. Plaintiff was convicted of the charges based on perjured testimony when Defendant, Killman, claimed that he was the one who arrested the Plaintiff. and has been in custody since the date of the incident. Defendant, Vandermay, did not (and was not allowed to) testify at trial. Plaintiff's criminal trial counsel failed to object to proceeding to trial without the arresting officer hearsay testimony and violations of Plaintiff's cross-examination rights under the "Confrontation Clause", among other errors.

Plaintiff through his current trial counsel is filing a PCRA in order to exonerate himself of these false charges. Until the PCRA process is completed, the false arrest charges, among others, are not viable or ripe for trial. This action was instituted via Writ

of Summons to protect Plaintiff's statute of limitations in the Philadelphia Court of Common Pleas. Said court wanted the complaint to be filed prior to issuing a ruling on a stay. Once the complaint was filed, the Defendants, removed the instant case to this Honorable Court.

The Plaintiff's Complaint consists of eighteen counts. The counts can be placed into one of two categories. The first category pertains to the plaintiff's fractured hand and torn shoulder suffered during his arrest, i.e., excessive force and assault and battery, found in Counts I, II, III, VI, VII, VIII, IX, XII, XIII, XIV, XV, XVII and XVIII. The second category are counts that relate to state and federal causes of action due to the lawfulness of plaintiff's arrest and prosecution per se, i.e., false arrest, malicious prosecution, found in Counts IV, V, X, XI, and XVI. Some of the federal counts are based both upon the physical injuries and the arrest and prosecution.

Counts I, II, III, VI, VII, VIII, IX, XII, XIII, XIV, XV, XVII and XVIII with regard to the physical injuries and medical treatment of the same are ripe and not dependent upon the state court outcome of plaintiff's criminal case. However, to the extent that portions of some of those counts pertain to the lawfulness of plaintiff's arrest, incarceration and/or prosecution, solely those sub-portions, along with Counts IV, V, X, XI, and XVI are dependent upon the success of the plaintiff's PCRA in the state court and any potential appeal of the same.

The facts and issues in both categories of counts, if the instant matter is not stayed, will need to be tried again upon successful completion of the PCRA and any new trial. Plaintiff's 5thAmendment rights will be violated, assuming he does not choose to testify in any upcoming state court proceedings, if this case is not stayed. Because plaintiff's federal and state causes of action based upon false arrest and false

imprisonment began on June 2, 2016, in order to preserve those claims, he had to file suit by June 2, 2018 to toll the statute of limitations although his criminal PCRA will take place after the statute deadline.

Accordingly, plaintiff respectfully requests that this matter be **STAYED** until the disposition of the PCRA in underlying state case is completed and plaintiff's remedies exhausted. In the event that this Honorable Court chooses not to stay all proceedings, as was agreed to by defense counsel, then the Plaintiff respectfully requests that the counts that this Honorable Court

## II.  PROCEDURAL BACKGROUND

Plaintiff has filed this civil suit in the Philadelphia Court of Common Pleas, arising out of the false arrest and brutality on Plaintiff. which occurred on June 2, 2016. A Writ of Summons was filed on Friday June 1, 2018, in order to preserve Plaintiff's civil claims and constitutional rights. The Plaintiff had a bench trial on June 8, 2017 which resulted in a guilty verdict and subsequent sentencing on August 3, 2018. There was over a one-year delay in sentencing, post bench trial, as the Plaintiff was deemed legally incompetent.

Plaintiff wished to preserve all causes of action until such time as his conviction is overturned and/or he is exonerated via the PCRA. See Plaintiff's Complaint attached hereto as Exhibit "A" and incorporated by reference. Plaintiff is filing a timely PCRA in the Philadelphia Court of Common Pleas. The stay is necessary to allow the PCRA to proceed, due to the egregious errors and incompetence of his criminal trial counsel. The civil and constitutional violations, for which this civil suit has been filed, excepting those pertaining to the excessive force, assault and battery and lack of medical treatment, will not vest until Plaintiff is exonerated of the criminal charges.

Plaintiff's counsel filed a Motion for Stay before this Honorable Court on January 23, 2019, See Exhibit "B" attached hereto and incorporated by reference, which was denied by court order the next day after oral argument. See Exhibit "C" attached hereto and incorporated by reference. It is from the January 24, 2019, that the Plaintiff now seeks reconsideration and clarification of the order with respect to each count in the complaint.

### III.   ARGUMENT

Courts have broad discretion to stay proceedings. *In re Chickie's & Pete's Wage & Hour Litig.*, No. Civ. A. 12-6820, 2013 U.S. Dist. LEXIS 78573, *5 (E.D. Pa. June 4, 2013) (citing *Landis v. North American Co.*, 299 U.S. 248 (1936)). The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Clientron Corp. v. Devon IT, Inc.*, No. Civ.A. 13-05634, 2014 U.S. Dist. LEXIS 31086 (E.D. Pa. 2014). Therefore, a court should "[i]n the exercise of its sound discretion . . . hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Id.* (citing *Bechtel Corp. v. Local 215*, 544 F.2d 1207, 1215 (3d Cir. 1976)); *see also Rodgers v. U.S. Steel Corp.*, 508 F.2d 152, 162 (3d Cir. 1975) ("The district court had inherent discretionary authority to stay proceedings pending litigation in another court."). This Honorable Court must balance the competing interests of the parties as well as whether the grant of a stay may harm one of the parties. *See Dimensional Music Publ'g, LLC v. Kersey,* 448 F. Supp. 2d 643, 655 (E.D. Pa. 2006). It is respectfully submitted, that not issuing a stay will harm the plaintiff and release and bar some of his causes of action due to the statute of limitations. In *Bailey*

*v. Ness*, 733 F.2d 279 (3d Cir. 1984), the Third Circuit held that Section 1983 action should be stayed pending the resolution of any appeal from a state court conviction where there were common issues to be decided because of Pennsylvania's laws regarding collateral estoppel. The Court's concern was to protect the statute of limitations, typically two years from the date of accrual, from a potential statute of limitations defense. Subsequently, in <u>Linnen v. Armainis</u>, 991 F.2d 1102 (3d Cir. 1993), the Third Circuit expanded on *Bailey* to include post-conviction relief act cases as well. The Third Circuit in *Linnen*, supra., extended *Bailey* by holding that Section 1983 actions should be stayed until all state post-conviction relief has been exhausted.

Subsequently, the Supreme Court issued a decision *in* <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), that placed some limits upon <u>Bailey</u> and <u>Linnen</u>. *Heck* specifically addressed Section 1983 claims. Where a plaintiff brings a 1983 claim based upon excessive force, and resisting arrest has not been charged, even if the plaintiff was found guilty at his criminal trial, that would have no effect on his moving forward with his 1983 action if state court proceedings were still ongoing. However, where a 1983 action is based upon the legality of the arrest itself, the arrest, confinement and/or prosecution alone independently of the excessive force injury(ies), other consequences come into play. There have been a number of cases that have held that a 1983 action based upon an unconstitutional conviction or imprisonment, pursuant to Heck, require that a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under 1983", *Heck* at 486, and

requires that the complaint be dismissed. However, *Heck* failed to resolve the issue pertaining to a timely preserved statute of limitations before the state challenges to the conviction were exhausted.

The Court failed to address the statute of limitations issues for false arrest or false imprisonment. Under Pennsylvania law false arrest and false imprisonment claims must be brought within two years from the date of the initial arrest. In the instant matter this means that in order to preserve plaintiff's causes of action for the same, assuming he is successful in his post-conviction relief action, then the same must have been filed by June 2, 2018. If this Honorable Court were to dismiss the plaintiff's causes of action for false arrest, false imprisonment and/or malicious prosecution, whether under state statute or federal, even without prejudice, then it is likely that the City and its defendants would defend on a statute of limitations claim although the plaintiff sought to timely preserve his rights to these causes of action. See, e.g., *Shelton v. Macey*, 883 F.Supp. 1047 (E.D.Pa. 1995) (*Heck* mandates dismissal of plaintiff's claim without prejudice to renew if and when state court convictions is legally invalidated). Where the illegal arrest issues overlap with excessive force issues, such as in the instant matter, then the whole matter should be stayed. See, e.g., *Duayan v. Paoloca*, et al, 91-2095 (1998 US Dist. Lexis 9892 ED. Pa. 1998) (where there are no claims except for unconstitutional conviction, such as excessive force, then the claim must be dismissed without prejudice to refiling if and when a conviction is invalidated).

In *Drum v. Nasuti*, 648 F. Supp. 888 (E.D.Pa. 1986), the court held that a plaintiff is required to file a Section 1983 action to toll the running of the statute if limitations even when the underlying state court proceedings are still ongoing and have not been finally disposed of. Id. at 903-04. In part this was because federal courts must ascertain the

underlying state statute of limitations that applies to an action. *Jennings v. Shuman*, 567 F. 2d 1213, 1216 (3d. Cir 1977). While *Drum* is factually distinguishable from the case at bar in that Drum filed his lawsuit beyond his two year statute of limitations, unlike here, it supports that the instant matter should be stayed in toto; or, in the alternative plaintiff's statutes of limitations should be tolled for any state or federal causes of actions based upon the legality of his arrest and prosecution until such time as there are ripe.

It does not make sense, nor is it in the interest of judicial economy, to move forward with the excessive force/physical injury portions of plaintiff's claims, which have been timely filed, and leave the issues as to whether plaintiff's actual arrest was legal, incarceration and prosecution, for another day.  Firstly, as previously stated herein, the plaintiff intends on bringing a PCRA action and, based upon the deficiency of his trial counsel and his failure to actually present the plaintiff's defenses and evidence, has a high likelihood of succeeding (although there is no guarantee). During the course of the PCRA, the plaintiff may or may not testify as it is his Fifth Amendment right not to. In moving forward with the instant litigation, there are potential violations of the plaintiff's Fifth Amendment rights as pertain to the state court action which would cause further violation of plaintiff's constitutional rights in this litigation. Further, unlike the cases within the Third Circuit which follow *Heck*, plaintiff has timely brought and preserved all of his statutes of limitations even for those separate causes of actions that are only potential at this point since his conviction would need to be overturned to make them viable. If this Honorable Court were to dismiss the same, it would be forever precluding him from timely bringing these actions again. While *Heck* suggests that dismissing those portions of his counts without prejudice may not cause any statute of limitation issues, there is no guarantee of the same. None of the cases deal with a situation like the plaintiff

wherein he was a victim of excessive force and received permanent injuries, but also was claiming that his arrest, incarceration and prosecution were illegal. See e.g. *Shelton v. Macey*; *Nelson v. Jashurek*, 96-3599 (3d Cir. 1997), *Smith v Holtz*, 856 F. Supp. 227(MD. Pa. 1994).

The plaintiff is filing this Motion to Stay this Civil Case pending disposition of the aforesaid underlying pending criminal case because, unless and until he is successful on the PCRA, the causes of action for the illegal arrest, incarceration and prosecution cannot be litigated at this time. It is to allow the PCRA to proceed and preserve under the statutes of limitations applicable to some of the causes of action, that a stay of this civil matter is being requested. Unless and until, the Plaintiff is exonerated of the criminal charges, moving forward, with the instant matter would nor serve the interests of justice, would violate Plaintiff's Fifth Amendment rights and is not in the interest of judicial economy. In the alternative, Plaintiff respectfully requests that he be permitted to proceed on Counts I, II, III, VI, VII, VIII, IX, XII, XIII, XIV, XV, XVII and XVIII and that the other Counts be dismissed without prejudice. Further, that this Honorable Court clarify in an order any Counts that remain and/or are dismissed without prejudice.

### IV. CONCLUSION

Based on the aforesaid, Plaintiff respectfully requests that this Honorable matter be stayed pending disposition of the aforesaid underlying criminal case and PCRA. In the alternative, Plaintiff respectfully requests that he be permitted to proceed on Counts I, II, III, VI, VII, VIII, IX, XII, XIII, XIV, XV, XVII and XVIII and that the other Counts be dismissed without prejudice.

WHEREFORE, Plaintiff, Curtis Lee requests all of the foregoing relief.

        Respectfully submitted,

        */s/ Rania M. Major, Esquire*
        Rania M. Major, Esquire
        RANIA MAJOR, P.C.
        2915 North 5th Street
        Philadelphia, PA  19133
        (215) 291-5009
        ATTY. I.D. NO. 51298
        ATTORNEY FOR PLAINTIFF

Date:   February 4, 2019

IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS LEE | : | CIVIL ACTION |
| PLAINTIFF | : | NO. 18-05332 |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| DEFENDANTS | : | |

**VERIFICATION**

I, Rania M. Major, Esquire, Attorney for the within Plaintiff, verifies that the statements made in the attached Motion for Stay of Proceedings are true and correct to the best of my information, knowledge and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

*/s/ Rania M. Major, Esquire*
Rania M. Major, Esquire
RANIA MAJOR, P.C.
2915 North 5th Street
Philadelphia, PA  19133
(215) 291-5009
ATTY. I.D. NO. 51298
ATTORNEY FOR PLAINTIFF