# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CURTIS LEE,

　　　　　　*Plaintiff,*

　　v.

CITY OF PHILADELPHIA, *et al.*,

　　　　　　*Defendants.*

CIVIL ACTION
NO. 18-05332

**PAPPERT, J.**　　　　　　　　　　　　　　　　　　　　**June 14, 2019**

## MEMORANDUM

　　Curtis Lee filed a Motion to Stay Proceedings on January 23, 2019. *See* (ECF No. 6). The next day, the Court held a Rule 16 Conference with counsel for the parties and heard oral argument on the Motion. (ECF No. 9.) The Court thereafter denied the Motion. (ECF No. 10.) On February 4, Lee filed a Motion for Reconsideration, (ECF No. 12), and two months after that a second Motion to Stay, (ECF No. 19). The Court denies the Motion for Reconsideration, and hence the second Motion to Stay as well, for the reasons that follow.

### I

　　"A motion for reconsideration may not be used to give a litigant a 'second bite at the apple.'" *Jarzyna v. Home Properties, L.P.*, No. 10-cv-4191, 2016 WL 2623688, at *7 (E.D. Pa. May 6, 2016) (quoting *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995)). In other words, a motion for reconsideration "should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Bhatnagar*, 52 F.3d at 1231 (citation omitted).

The "scope of a motion for reconsideration . . . is extremely limited." *Blystone v. Horn*,

664 F.3d 397, 415 (3d Cir. 2011). Such a motion must fail unless the party seeking

reconsideration shows "(1) an intervening change in the controlling law; (2) the

availability of new evidence that was not available when the court granted the motion .

. . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Id*. (citations and emphasis omitted).

The Court construes Lee's argument as "need[ing] to correct a clear error of law

or fact" because he does not identify an intervening change in law or any new evidence

that was unavailable when the Court denied the Motion to Stay. Lee now repeats the

same arguments made in his initial motion and at oral argument, claiming that the

Court should stay the case, or at a minimum his claims for false arrest and malicious

prosecution under § 1983, until after the resolution of his state court appeals.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness
> would render a conviction or sentence invalid, a § 1983 plaintiff must prove
> that the conviction or sentence has been reversed on direct appeal,
> expunged by executive order, declared invalid by a state tribunal
> authorized to make such determination, or called into question by a federal
> court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for
> damages bearing that relationship to a conviction or sentence that has not
> been so invalidated is not cognizable under § 1983. Thus, when a state
> prisoner seeks damages in a § 1983 suit, the district court must consider
> whether a judgment in favor of the plaintiff would necessarily imply the
> invalidity of his conviction or sentence; if it would, the complaint must be
> dismissed unless the plaintiff can demonstrate that the conviction or
> sentence has already been invalidated.

*Id*. at 486–87 (footnotes omitted). In other words, proof that a plaintiff's underlying

conviction has been vacated, set aside, or otherwise altered is a prerequisite to any

Section 1983 claim which would imply the invalidity of that conviction. *See id*.; *Grier v.*

*Klem*, 591 F.3d 672, 677 (3d Cir. 2010) (observing that Heck "expanded the circumstances in which a prisoner is barred from bringing a Section 1983 claim").

In 2007, the Supreme Court in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), stated that the *Heck* rule "is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" The Court explained that "[i]f a plaintiff files a false-arrest claim *before he has been convicted* (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id.* at 393–394 (2007) (emphasis added). In such a case, "[i]f the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.* at 394 (citations omitted).

Courts have thus stayed actions brought under § 1983 when plaintiffs filed their civil suits before being convicted. *See, e.g.*, *McKinney v. Prosecutor Cty. Prosecutors Office*, 612 Fed.Appx. 62, 65–66 (3d Cir. 2015); *see also Massey v. Pfeifer*, No. 1:17-CV-00173, 2017 WL 6729366, at *1 (W.D. Pa. Oct. 27, 2017); *Strand v. Thompson*, No. CV 15-1006-LPS, 2016 WL 937265, at *3 (D. Del. Mar. 10, 2016). Here, Lee did not file this lawsuit until *after* he was convicted in state court. He was arrested on June 2, 2016 and found guilty of manufacturing, delivery or possession with intent to manufacture or deliver, conspiracy and intentional possession of a controlled substance on June 8, 2017. He brought suit on January 2, 2018. The reasons for staying a case outlined in *Wallace* are not applicable here.

An appropriate Order follows.

BY THE COURT:

***/s/ Gerald J. Pappert***
GERALD J. PAPPERT, J.