**IN THE UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CURTIS LEE | : | CIVIL ACTION |
| ▉▉▉▉▉▉▉▉▉ | : | NO. 18-5332 |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| 1515 Arch Street | : | |
| 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER DONALD VANDERMAY, | : | |
| Badge No. 3160 | : | |
| Individually and in his official capacity as a | : | |
| Police Officer of the City of Philadelphia | : | |
| 24th Police District | : | |
| 3901 Whitaker Ave | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER ROBERT KILLMAN, | : | |
| Badge No. 5021 | : | |
| Individually and in his official capacity as a | : | |
| Police Officer of the City of Philadelphia | : | |
| 24th Police District | : | |
| 3901 Whitaker Ave | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER HUNTER, | : | |
| Badge No. 6820 | : | |
| Individually and in their official capacity as a | : | |
| Police Officer of the City of Philadelphia | : | |
| 24th Police District | : | |
| 3901 Whitaker Ave | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| and | : | |
| | : | |

POLICE OFFICER REBSTOCK                              :
Badge No. 6831                                      :
Individually and in their official capacity as a    :
Police Officer of the City of Philadelphia          :
24th Police District                                :
3901 Whitaker Ave                                   :
Philadelphia, PA  19124                             :
                                                    :
              and                                   :
                                                    :
POLICE OFFICER SULOCK,                              :
Badge No. 5244                                      :
Individually and in their official capacity as a    :
Police Officer of the City of Philadelphia          :
24th Police District                                :
3901 Whitaker Ave                                   :
Philadelphia, PA  19124                             :
                                                    :
              and                                   :
                                                    :
POLICE OFFICER SCOTT SCHWEIZER,                     :
Badge No. 9543                                      :
Individually and in their official capacity as a    :
Police Officer of the City of Philadelphia          :
24th Police District                                :
3901 Whitaker Ave                                   :
Philadelphia, PA  19124                             :
                                                    :
              and                                   :
                                                    :
POLICE SGT. STEVEN WOODS,                           :
Badge No. 8886                                      :
Individually and in their official capacity as a    :
Police Officer of the City of Philadelphia          :
24th Police District                                :
3901 Whitaker Ave                                   :
Philadelphia, PA  19124                             :
                                                    :                    :
              and                                   :
                                                    :
POLICE OFFICER HAMOY,                               :
Badge No. 2121                                      :
Individually and in their official capacity as a    :
Police Officer of the City of Philadelphia          :
24th Police District                                :
3901 Whitaker Ave                                   :
Philadelphia, PA  19124                             :
                                                    :

|                                                          |     |
|----------------------------------------------------------|-----|
| and                                                      | :   |
|                                                          | :   |
| POLICE OFFICER MAMINSKI,                                  | :   |
| Badge No. 1939                                           | :   |
| Individually and in their official capacity as a         | :   |
| Police Officer of the City of Philadelphia               | :   |
| 24th Police District                          | :   |
| 3901 Whitaker Ave                                        | :   |
| Philadelphia, PA  19124                                  | :   |
|                                                          | :   |
| and                                                      | :   |
|                                                          | :   |
| POLICE OFFICER RYAN, Badge No. 6132                      | :   |
| Individually and in their official capacity as a         | :   |
| Police Officer of the City of Philadelphia               | :   |
| 24th Police District                          | :   |
| 3901 Whitaker Ave                                        | :   |
| Philadelphia, PA  19124                                  | :   |
|                                                          | :   |
| and                                                      | :   |
|                                                          | :   |
| POLICE OFFICERS JOHN OR JANE DOE'S 1-5                   | :   |
| Individually and in their official capacity as           | :   |
| Police Officers of the City of Philadelphia              | :   |
| 19th Police District                          | :   |
| 6059 Haverford Avenue                                    | :   |
| Philadelphia, PA  19151                                  | :   |
| DEFENDANTS                                                | :   |

**NOTICE**

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, PA 19107

(215) 238-6300

<u>ADVISO</u>

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plaza al partir de la fe de la demanda y la notificacion.  Hace falta asentar una comparesencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.  Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE.   SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENDUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

Philadelphia Bar Association
1101 Market Street
11th Floor
Philadelphia, PA 19107
(215) 238-6300

**IN THE UNITED STATES DISTRICT COURT**
**THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CURTIS LEE | : | CIVIL ACTION |
| ████████████████ | : | NO. 18-5332 |
| PLAINTIFF | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA | : | |
| 1515 Arch Street | : | |
| 14th Floor | : | |
| Philadelphia, PA  19102 | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER DONALD VANDERMAY, | : | |
| Badge No. 3160 | : | |
| Individually and in his official capacity as a | : | |
| Police Officer of the City of Philadelphia | : | |
| 24th Police District | : | |
| 3901 Whitaker Ave | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER ROBERT KILLMAN, | : | |
| Badge No. 5021 | : | |
| Individually and in his official capacity as a | : | |
| Police Officer of the City of Philadelphia | : | |
| 24th Police District | : | |
| 3901 Whitaker Ave | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER HUNTER, | : | |
| Badge No. 6820 | : | |
| Individually and in their official capacity as a | : | |
| Police Officer of the City of Philadelphia | : | |
| 24th Police District | : | |
| 3901 Whitaker Ave | : | |
| Philadelphia, PA  19124 | : | |
| | : | |
| **and** | **:** | |
| | : | |

POLICE OFFICER REBSTOCK                          :
Badge No. 6831                                   :
Individually and in their official capacity as a :
Police Officer of the City of Philadelphia       :
24th Police District                             :
3901 Whitaker Ave                                :
Philadelphia, PA  19124                          :
                                                 :
            and                                  :
                                                 :
POLICE OFFICER SULOCK,                           :
Badge No. 5244                                   :
Individually and in their official capacity as a :
Police Officer of the City of Philadelphia       :
24th Police District                             :
3901 Whitaker Ave                                :
Philadelphia, PA  19124                          :
                                                 :
            and                                  :
                                                 :
POLICE OFFICER SCOTT SCHWEIZER,                  :
Badge No. 9543                                   :
Individually and in their official capacity as a :
Police Officer of the City of Philadelphia       :
24th Police District                             :
3901 Whitaker Ave                                :
Philadelphia, PA  19124                          :
                                                 :
            and                                  :
                                                 :
POLICE SGT. STEVEN WOODS,                        :
Badge No. 8886                                   :
Individually and in their official capacity as a :
Police Officer of the City of Philadelphia       :
24th Police District                             :
3901 Whitaker Ave                                :
Philadelphia, PA  19124                          :
                                                 :                          :
            and                                  :
                                                 :
POLICE OFFICER HAMOY,                            :
Badge No. 2121                                   :
Individually and in their official capacity as a :
Police Officer of the City of Philadelphia       :
24th Police District                             :
3901 Whitaker Ave                                :
Philadelphia, PA  19124                          :
                                                 :

and                                                    :
                                                       :
POLICE OFFICER MAMINSKI,                               :
Badge No. 1939                                         :
Individually and in their official capacity as a       :
Police Officer of the City of Philadelphia             :
24th Police District                                   :
3901 Whitaker Ave                                      :
Philadelphia, PA  19124                                :
                                                       :
        and                                            :
                                                       :
POLICE OFFICER RYAN, Badge No. 6132                    :
Individually and in their official capacity as a       :
Police Officer of the City of Philadelphia             :
24th Police District                                   :
3901 Whitaker Ave                                      :
Philadelphia, PA  19124                                :
                                                       :
        and                                            :
                                                       :
POLICE OFFICERS JOHN OR JANE DOE'S 1-5  :
Individually and in their official capacity as         :
Police Officers of the City of Philadelphia            :
19th Police District                                   :
6059 Haverford Avenue                                  :
Philadelphia, PA  19151                                :
                DEFENDANTS                             :

## **AMENDED COMPLAINT**

1.      Plaintiff, Curtis Lee is an adult citizen and resident of the Commonwealth of

Pennsylvania residing as captioned.

2.      Defendant, City of Philadelphia is a municipal corporation organized and existing

under the laws of the Commonwealth of Pennsylvania and maintains its principal offices as

captioned.

3.      Defendant, City of Philadelphia (hereinafter alternately referred to as "the City"),

employs a number of police officers who are with the Philadelphia Police Department.

4.      Defendants, Police Officers Donald Vandermay, Robert Killman, Hunter, Rebstock, Sulock, Scott Schweitzer, Maminski, Hamoy, Ryan, Police Sgt. Steven Woods and Police Officers John and/or Jane Doe Nos. 1-5 (hereinafter collectively "Defendant, Officers") at all times material hereto were employed as police officers by Defendant, City of Philadelphia and acting under color of state law.

5.      At all relevant and material times hereto, Defendant, Officers, acted within the course and scope of their employment, contract and/or agency, under color of state law and pursuant to the customs, policies and practices of Defendant, City of Philadelphia.

6.      At all times relevant and material hereto, Defendant, Officers, were acting for and under the direction of the City of Philadelphia as their agents, servants, contractors, employees and/or workmen and on behalf of the City of Philadelphia under its direction, and within said agency and/or employment.

7.      Defendant, City of Philadelphia, acted by and through its agents, servants, workers, employees and/or contractors at all relevant and material times hereto.

8.      On June 2, 2016 at approximately 6:20 p.m.  the plaintiff, Curtis Lee, was at the church located on the corner of Alleghany Avenue and Weymouth Street, Philadelphia, Pennsylvania.

█████At said date and time, the plaintiff had been away from ████████████ ████████████████████████████

10.     The plaintiff was attempting to get some food from the church's soup kitchen and was allegedly creating a scene as the people from the church had asked the police to remove him.

11.     Simultaneously, the Philadelphia Police Department Defendants were conducting an undercover drug sting at or near 3100 Weymouth Street.

12.     Defendant, Police Officer Robert Killman, (hereinafter "Killman") was in charge of the operation and one of his back up officers was Defendant, Police Officer Donald Vandermay (hereinafter "Vandermay").

13.     The other Defendant police officers were also present and participated in the undercover drug sales investigation and, later, the assault and battery of the plaintiff, as well as other events pertaining to his arrest or subsequent medical care or need for the same.

14.     Defendant, Vandermay, got out of his car and/or otherwise walked over and told the plaintiff to leave the area at which point the plaintiff began to walk away.

15.     Once Defendant, Vandermay, had left the area, the plaintiff went back to the church area.

16.     Prior to going to the church that day, the Plaintiff, Curtis Lee, had removed money via the MAC machine to buy himself a new cellphone and have some spending money.

17.     After the plaintiff went back over to the church for food, Defendant, Vandermay, saw that the plaintiff had returned to the area and became angry with Plaintiff, Curtis Lee.

18.     Defendant, Vandermay, upon seeing the plaintiff, went over to the plaintiff and unnecessarily used excessive force throwing the plaintiff violently to the ground and then throwing him violently into a police vehicle, causing him to sustain serious and permanent injuries more fully set forth at length below.

19.     It is believed, and therefore averred, that is was around this same time, Defendant, Killman, dispatched all of his back-up officers, Defendant, Officers, into the area to effectuate arrests of the drug dealers and/or buyers down Weymouth Street.

20.     The force used by Defendant, Vandermay, against the plaintiff was intentional, unnecessary, unjustified, excessive, reckless, willful, and malicious, and was obviously so.

21.     Based upon information and belief, Defendant, Officers, witnessed what Defendant, Vandermay, did to the plaintiff and failed to stop Vandermay from beating the plaintiff despite their duty to intervene in such violations.

22.     Plaintiff was seriously injured, which was and/or should have been apparent at the scene even to the Defendants.

23.     Based upon information and belief, the Defendants made up a reason to charge the Plaintiff in an attempt to justify all of their actions and/or inactions and use of excessive force or failure to stop the same.

24.     Defendants, Vandermay and Killman, had no probable cause to search or arrest the plaintiff in relation to the drug sales, but, after realizing Vandermay had injured the plaintiff, claimed he was the "lookout" and yelling "bajonda" to some drug dealers on Weymouth Street which none of the defendant officers corrected or reported either.

25.     Plaintiff does not speak Spanish and had no connection to the drug dealers down the block.

26.     No drugs or drug money were found on the Plaintiff.

27.     The Defendants did not see the Plaintiff talk to and/or exchange any items with the drug dealers and/or any buyer.

28.     Based upon information and belief, the Defendant, Officers, knowingly and falsely used the pretext that the Plaintiff was the "lookout" after Defendant, Vandermay, beat and injured the Plaintiff to "cover-up" the beating and injuries and conspired to further cover-up the brutality with the knowledge of Defendant, Killman, and the other Defendant, Officers.

29.     Each of the Police Officer Defendants, had the opportunity to prevent and/or stop the obviously intentional, unnecessary, unjustified, excessive, reckless, willful, and malicious use of

force against the plaintiff and other actions made by Defendant, Vandermay, in full sight of Defendant, Killman, but they chose not to do so.

30.     Defendant, City of Philadelphia, knew and/or should have known that some, if not all, of the Defendant, Officers, and particularly, Defendant, Vandermay, had a history and/or habits of using of excessive force, yet failed to act upon the same at any time prior to the plaintiff's contact with the officers or arrest.

a. Based upon information and belief, on or about February 18, 2011, Defendant, Vandermay, and other police officers, falsely arrested and maliciously prosecuted Khalif Snowden after using such excessive force upon him, for no apparent reason, to such an extent that Mr. Snowden was rendered permanently physically and mentally incapacitated.

31.     Despite written policies, rules, regulation, procedures and protocols, designed to prevent the excessive use of force, Defendant, City of Philadelphia, has for so long disregarded, ignored and/or otherwise failed to enforce the same that it created and permitted policies and customs within the Philadelphia Police Department to exist in contravention of the written policies.

32.     Defendant, City of Philadelphia, knew and/or should have known that Defendant, Vandermay, has a history of excessive force and/or lies, yet it failed to take him off the street, let alone the police force, or otherwise sanction and/or re-train him.

33.     Defendant, City of Philadelphia, knew and/or should have known that the Defendant, Officers, were conspiring together to cover up all of their wrongs, including, but not limited to those, against the plaintiff.

34.     On June 6, 2016, after being injured by the police, the Plaintiff was escorted to Defendant, Temple University Hospital - Episcopal Campus (hereinafter "hospital"), for treatment of his injuries by at least two of the Defendant Officers.

35.     While at Defendant Hospital, the plaintiff complained of pain in his left hand and right shoulder to the hospital staff.

36.     The plaintiff told the hospital personnel that "they twisted his arm …and I heard a pop" referring to the pain in his right shoulder, but the hospital failed to note and/or treat the same and only provided care to the plaintiff's left hand.

37.     After the plaintiff's hand was treated, and without his shoulder being examined or tested, some of the Defendant, Officers, rushed the plaintiff and transported him to his arraignment and then the Philadelphia Prisons, specifically to the Curran Fromhold Correctional Facility "CFCF".

38.     The Defendant Officers, particularly those who took the Plaintiff to the hospital, and Defendant, City, both at the time of the emergency visit and during Plaintiff's incarceration, denied the Plaintiff his Constitutional rights to adequate medical care.

39.     Once the plaintiff became incarcerated, he came under the care of Defendant, City of Philadelphia, and its contracting medical provider.

40.     Defendant, City of Philadelphia, had a duty to provide adequate medical care, both in-house and out-of-house, to all prisoners including, but not limited to, the plaintiff under 42 U.S.C. Section 1983.

41.     The Plaintiff complained of pain in his right shoulder and arm to the prison and medical staffs, but they failed to treat the same and/or have a doctor examine the plaintiff, thus rendering the medical treatment inadequate.

42.     At the latest, in June, 2016, the plaintiff made grievances and medical requests for months.

43.     He was negligently given physical therapy to his arm/shoulder even though the physical therapist said it was not helping him and he needed to see a doctor.

44.     By January 2, 2017, the Plaintiff's grievances and medical requests became longer and increased, but the prison personnel, claimed he was being properly treated. The plaintiff is without knowledge as to what investigation, if any, or how the personnel made this conclusion.

45.     It was not until February, 2017 that the plaintiff actually saw a prison doctor and had tests ordered.

46.     The plaintiff was finally taken to see an outside orthopedist and obtained an MRI, which revealed a full thickness tear of plaintiff's shoulder, among other internal injuries, on or about March 31, 2017.

47.     Thereafter, the plaintiff had surgery to his arm/shoulder, but even the outside orthopedist said it was too late to repair it as Defendant, City, and its medical providers had waited too long to order necessary and adequate medical care for the plaintiff.

48.     Incarcerated individuals, such as the plaintiff, have an absolute right to see an actual physician rather than a physician's assistant under 49 Pa.C.S. Section 18.171, yet plaintiff's repeated requests to do so were consistently ignored, denied and/or otherwise intentionally and negligently disregarded.

49.     Defendant, City of Philadelphia, contracted with Corizon to perform medical services for prisoners during all relevant and material times hereto.

50.     Defendant, City of Philadelphia, knew and/or should have known of the substandard and inadequate  medical care provided to prisoners by Corizon, as they had also contracted with the predecessor corporation to Corizon, and received countless complaints of negligent, reckless, careless and grossly negligent medical care being provided to the prisoners before the plaintiff's need for care.

51.     Beginning on or about June 2, 2016, the Defendants violated the Plaintiff's civil rights while acting under color of state law to deprive him of a) the right to be free from

unreasonable searches and seizures; b) the right not to be deprived of liberty without due process of law; c) the right to be free from the excessive use of force by a person(s) acting under color of state law; d) the right to adequate medical care.

52.     It was the policy, practice and/or custom of all Defendants to condone the use preventable violence, unjustified, unreasonable, unnecessary, malicious, and excessive violence and force against persons, including the plaintiff, within Philadelphia and the failure of other officers who were present witnessing the brutality, battery and/or assault to stop and/or intervene in the same.

53.     It was the policy, practice and/or custom of Defendants, City, and all police officer Defendants to condone and/or conspire to cover up the excessive use of force by other officers.

54.     The actions and inactions of the Defendants constituted various violations of plaintiff's civil rights, assault and battery and other actionable offenses.

55.     As a result of the aforementioned actions and/or inactions of the Defendants, plaintiff sustained multiple serious injuries, some or all of which may be permanent, including, but not limited to, a large full thickness retracted tear of the supraspinatus and infraspinatus tendons, moderate tearing of the distal superior fibers and subscapularis tendon adhesive capsilitus, a slightly subluxated bicep tendon as well as other injuries requiring surgery, known or unknown and too numerous to mention; fractures and injuries to his hand; aggravation of his psychological state and/or well-being, as well as injuries to his teeth, head, face, neck, back, neck pain, back pain, headache and severe, permanent and injury to his nerves and nervous system; mental, psychological and emotional distress, embarrassment, anxiety and humiliation; and other injuries some or all of which have yet to become manifest and/or be diagnosed.  All of the foregoing injuries have rendered plaintiff sick, sore; lame, prostrate, disabled, disfigured, and disordered and have forced him to suffer great mental anguish; embarrassment; humiliation; loss of enjoyment of

life's pleasures; loss of freedom; and physical and mental injuries, pain, and suffering, all of which may continue for an indefinite time into the future.

56.     As a result of the aforesaid actions and inactions of the Defendants, plaintiff has been obliged to expend and will continue to expend in the future large sums of money and/or incur debts and liens for medical care and treatment, all to his great financial detriment and loss, which may continue for an indefinite time into the future.

57.     As a result of the aforesaid actions and inactions of the Defendants, plaintiff has been unable to follow his usual occupation(s) and customary daily duties and other activities and has been caused to suffer a loss of income and earning capacity, all of which may continue for an indefinite time into the future to his great detriment and loss.

58.     As a direct and proximate result of the actions and/or inactions of the Defendants, the plaintiff suffered great mental anguish; embarrassment; humiliation; loss of enjoyment of life's pleasures; and physical and mental injuries, pain, and suffering, all of which may continue for an indefinite time into the future.

59.     As a direct and proximate result of the actions and/or inactions of the Defendants, the plaintiff was caused to incur attorney's fees and other out-of-pocket expenses, all of which may continue for an indefinite time into the future.

60.     As a result of the aforesaid actions and/or inactions of the Defendants, the plaintiff was deprived of his liberty and Constitutional rights under both the United States and Commonwealth of Pennsylvania Constitutions.

61.     As a direct and proximate result of the said wrongful acts and failures to act of the Defendants, Plaintiff, Curtis Lee, suffered the following injuries and damages:

    (a)  Violation of his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to be free from unreasonable seizure of his person and the resulting loss of his personal liberty, confinement to prison and the hole;

(b) Violation  of his rights under the Fourteenth Amendment to the United States Constitution and the Constitution of the Commonwealth of Pennsylvania to equal protection under the law;

(c) Violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to due process of law, as well as violation of other rights under the United States Constitution and the Constitution of the Commonwealth of Pennsylvania;

(d) Violation of his rights under the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to be free from excessive force;

(e) Violation of his rights under the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania to adequate medical care while in police custody and/or in prison;

(f) A large full thickness retracted tear of the supraspinatus and infraspinatus tendons, moderate tearing of the distal superior fibers and subscapularis tendon adhesive capsilitus, a slightly subluxated bicep tendon as well as other injuries requiring surgery, known or unknown and too numerous to mention; fractures and injuries to his hand; aggravation of his psychological state and/or well-being, as well as injuries to his teeth, head, face, neck, back, neck pain, back pain, headache and severe shock and injury to his nerves and nervous system; mental, psychological and emotional distress, embarrassment, anxiety and humiliation; and other injuries some or all of which have yet to become manifest and/or be diagnosed.  All of the foregoing injuries have rendered plaintiff sick, sore; lame, prostrate, disabled, disfigured, and disordered and have forced him to suffer great mental anguish; embarrassment; humiliation; loss of enjoyment of life's pleasures; loss of freedom; and physical and mental injuries, pain, and suffering, all of which may continue for an indefinite time into the future, as well as deprivation of his liberty and freedom.

(g) Deprivation and loss of the ability to follow his other usual occupation and customary daily duties and other activities, which may continue for an indefinite time into the future all to his great detriment and loss.

(h) He may be required in the future to expend large sums of money for his medical care and treatment, all to his great financial detriment and loss, which may continue for an indefinite time into the future.

(i) Loss of his personal liberty, right to travel and his confinement to prison.

(j) Pain, suffering, humiliation, embarrassment, and loss of life's pleasures all to his great detriment and loss some or all of which may continue for an indefinite time into the future.

62.    As a result of the aforesaid wrongful actions and inactions of the Defendants, plaintiff is entitled to and claims compensatory, punitive, treble, consequential, delay damages, interest, costs and attorney's fees for an indefinite time into the future.

## COUNT I

**PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN, HUNTER, REBSTOCK, SULOCK, SCHWEIZER, MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5**

## 42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS

63.     Plaintiff hereby incorporates by reference all prior paragraphs the same as though set forth herein at length.

64.     The actions of Defendants violated plaintiff's right to be free from cruel and unusual punishment, safe from assault battery, unreasonable, unnecessary, unjustified, willful, wanton, malicious, and excessive violence and/or use of force under the Fourth Amendment and to due process under the Fourteenth Amendment to the United States Constitution by known violent officers and/or those who make false arrests.

65.     At all times relevant and material hereto, Defendants, together with Defendants, Vandermay and Killman, acted with malice consisting of ill will toward the plaintiff and/or a reckless and oppressive disregard for plaintiff's rights, and with a motive of covering up and protecting Defendants from the potential adverse professional and legal consequences of the assault and battery of the plaintiff and the violations of the plaintiff's Constitutional rights under the Fourth, Fourteenth, and Eighth Amendments and the Constitution of the Commonwealth of Pennsylvania.

66.     As stated herein, the actions of Defendants were grossly negligent, maliciously, intentionally, willfully, wantonly, and purposely directed towards the plaintiff to cause the plaintiff harm without any justification or cause.

67.     The Defendants violated plaintiff's civil rights under the Fourth and Fourteenth Amendments pursuant to 42 U.S.C. Section 1983 in the following:

    (a)    permitting an officer known to make false arrests and/or use excessive force and failing to protect the plaintiff subjecting him to unjustified, unnecessary, unreasonable, malicious, and excessive force and failing to stop the same;

    (b)    Failing to stop Defendant, Vandermay, from beating and injuring the plaintiff;

    (c)    Willfully, wantonly, maliciously, recklessly, and/or with callous indifference to plaintiff's federally state protected rights using unreasonable, unnecessary, unjustified, malicious, and excessive force upon plaintiff;

(d)     Willfully, wantonly, maliciously, recklessly and/or with callous
        indifference to plaintiff's federally state protected rights failing to prevent
        and protect the plaintiff from injuries by an officer and/or failing to stop
        the same.

(e)     Willfully, wantonly, maliciously, recklessly and/or with callous
        indifference to plaintiff's federally protected rights preventing plaintiff
        from being falsely arrested and/or maliciously prosecuted;

(f)     Acting with an evil motive or intent to cause the plaintiff harm and/or with a
        reckless or callous indifference to the plaintiff's federally protected rights;

(g)     Intentionally fabricating evidence against the plaintiff to cover-up the injuries he
        sustained from the police brutality.

68.     As a direct and proximate result of the actions and/or inactions of Defendants and

their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental injuries,

indignities, loss of rights and harms which are already described above, and which are incorporated

herein by reference.

## COUNT II
## PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN,
## HUNTER, REBSTOCK, SULOCK, SCHWEIZER,
## MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5
## 42 U.S.C. §§ 1983 AND EIGHTH AMENDMENT VIOLATIONS

69.     Plaintiff hereby incorporates by reference all prior paragraphs the same as though

set forth herein at length.

70.     The actions of Defendants violated plaintiff's rights to be free from cruel and

unusual punishment, and to be safe from  and preventable, foreseeable, unreasonable, unnecessary,

unjustified, willful, wanton, malicious, and excessive battery, assault, violence, and use of force,

under the Eighth Amendment to the United States Constitution.

71.     At all times relevant and material hereto, Defendants, together with Defendants,

Vandermay and Killman, acted with malice consisting of ill will toward the plaintiff and/or a

reckless and oppressive disregard for plaintiff's rights, and with a motive of covering up and

protecting Defendants from the potential adverse professional and legal consequences of the

assault and battery of the plaintiff and the violations of the plaintiff's Constitutional rights under

the Fourth, Fourteenth, and Eighth Amendments and the Constitution of the Commonwealth of

Pennsylvania.

72.     As stated herein, the actions of Defendants were maliciously, intentionally,

willfully, and wantonly directed towards the plaintiff to cause the plaintiff harm, and without any

justification or cause.

73.     The Defendants violated plaintiff's civil rights under the Eighth Amendment and

pursuant to 42 U.S.C. Section 1983 in the following:

(a)     Depriving plaintiff of his right to be free from assault, battery, violence,  cruel and
        unusual punishment and participating in the use of unjustified, unnecessary,
        unreasonable, malicious , and excessive force on the plaintiff;

(b)     Failing to stop the other officer Defendant, from beating and
        injuring the plaintiff; and failing to prevent the same.

(c)     Willfully, wantonly, maliciously, recklessly and/or with callous indifference to
        plaintiff's federally protected rights using unreasonable, unnecessary, unjustified,
        malicious means and/or reasons, and, permitting and/or using excessive force
        upon plaintiff;

(d)     Willfully, wantonly, maliciously, recklessly and/or with callous
        indifference to plaintiff's federally protected rights failing to obtain
        necessary and/or adequate medical attention and treatment for plaintiff in a
        timely fashion;

(e)     Willfully, wantonly, maliciously, recklessly and/or with callous
        indifference to plaintiff's federally protected rights preventing plaintiff
        from receiving necessary and/or adequate medical attention and treatment
        in a timely fashion;

(f)     Maintaining, providing, preventing and/or contracting with inadequate, negligent,
        careless and reckless medical providers and/or treatment; and,

(g)     Failing and/or preventing the plaintiff from getting all testing and treatment
        necessary for his injuries at the emergency room and, later while he was
        incarcerated,  via the prison medical providers and/or their contractors.

74.     As a direct and proximate result of the actions and/or inactions of the Defendants

and their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental

injuries, indignities, loss of rights and harms which are already described above and which are

incorporated herein by reference.

**COUNT III**
**PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN,**
**HUNTER, REBSTOCK, SULOCK, SCHWEIZER,**

**MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5**
**42 U.S.C. §§ 1983 AND EIGHTH AMENDMENT VIOLATIONS**

75.     Plaintiff hereby incorporates by reference all prior paragraphs the same as though set forth herein at length.

76.     The actions of Defendants violated plaintiff's rights to be free from cruel and unusual punishment, and to be safe from  and preventable, foreseeable, unreasonable, unnecessary, unjustified, willful, wanton, malicious, and excessive battery, assault, violence, and use of force, under the Eighth Amendment to the United States Constitution.

77.     At all times relevant and material hereto, Defendants, together with Defendants, Vandermay and Killman, acted with malice consisting of ill will toward the plaintiff and/or a reckless and oppressive disregard for plaintiff's rights, and with a motive of covering up and protecting Defendants from the potential adverse professional and legal consequences of the assault and battery of the plaintiff and the violations of the plaintiff's Constitutional rights under the Fourth, Fourteenth, and Eighth Amendments and the Constitution of the Commonwealth of Pennsylvania.

78.     As stated herein, the actions of Defendants were maliciously, intentionally, willfully, and wantonly directed towards the plaintiff to cause the plaintiff harm, and without any justification or cause.

79.     The Defendants violated plaintiff's civil rights under the Eighth Amendment and pursuant to 42 U.S.C. Section 1983 in the following:

    (a)    Depriving plaintiff of his right to be free from assault, battery, violence,  cruel and unusual punishment and participating in the use of unjustified, unnecessary, unreasonable, malicious , and excessive force on the plaintiff;

    (b)    Failing to stop the other officer Defendant, from beating and injuring the plaintiff; and failing to prevent the same.

    (c)    Willfully, wantonly, maliciously, recklessly and/or with callous indifference to plaintiff's federally protected rights using unreasonable, unnecessary, unjustified, malicious means and/or reasons, and, permitting and/or using excessive force upon plaintiff;

(d)     Willfully, wantonly, maliciously, recklessly and/or with callous indifference to plaintiff's federally protected rights failing to obtain necessary medical attention and treatment for plaintiff in a timely fashion;

(e)     Willfully, wantonly, maliciously, recklessly and/or with callous indifference to plaintiff's federally protected rights preventing plaintiff from receiving necessary medical attention and treatment in a timely fashion;

(f)     Maintaining, providing, preventing and/or contracting with inadequate, negligent, careless and reckless medical providers and/or treatment; and,

(g)     Failing and/or preventing the plaintiff from getting all testing and treatment necessary for his injuries at the emergency room and, later while he was incarcerated, and via the prison medical providers and/or their contractors.

80.     As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above and which are incorporated herein by reference.

## <u>COUNT IV</u>
## 42 U.S.C. SECTION 1983
## PLAINTIFF VS. ALL INDIVIDUAL DEFENDANTS

81.     All prior paragraphs are incorporated herein by reference as though fully set forth.

82.     Plaintiff, Curtis Lee, claims damages for the injuries set forth above under 42 U.S.C. Section 1983 against all of the individual Defendants herein for violation of Plaintiff, Curtis Lee's, rights under the Fourth and Fourteenth Amendments to the United States to be free from unreasonable search and seizure of his person and the violation of his rights under the Fourteenth Amendment to the United States to equal protection under the law.

83.     The aforesaid actions of all Defendants deprived plaintiff of his rights, privileges and immunities under the United States Constitution, particularly the right to be free from unreasonable search and seizure, which violated the plaintiff's rights under the Fourth Amendment to the Constitution of the United States which was in violation of 42 U.S.C. § 1983.

84.     As a direct and proximate result of the violation of plaintiff's rights under the the to the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983 by all Defendants,

the plaintiff was wrongfully deprived of his liberty and  caused a bail amount which plaintiff could not afford.

85.     The actions of Defendant Officers, as more specifically described above, were unlawful, unnecessary and without justification and constituted the use of excessive force and assault and battery.

86.     As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above which are incorporated herein by reference.

## COUNT V
## 42 U.S.C. SECTION 1985
## PLAINTIFF VS. ALL INDIVIDUAL DEFENDANTS

87.     All prior paragraphs are incorporated herein by reference as though fully set forth.

88.     Plaintiff, Curtis Lee, claims damages for the injuries set forth above under 42 U.S.C. Section 1985 against all of the individual Defendants herein for conspiring to violate of Plaintiff, Curtis Lee's, right under the Fourteenth Amendment to the United States Constitution to equal protection under the laws and freedom from invidious discrimination on the basis of race, ethnicity and his disabilities.

■■■■The actions and inactions taken against the plaintiff occurred due to both his race – African American - and his disabilities ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

90.     As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental

injuries, indignities, loss of rights and harms which are already described above, and which are incorporated herein by reference.

**COUNT VI**
**42 U.S.C. §§ 1983 AND FOURTH AND FOURTEENTH**
**AMENDMENT VIOLATIONS - CONSPIRACY**
**PLAINTIFF, CURTIS LEE v. ALL INDIVIDUAL DEFENDANTS**

91.     Plaintiff incorporates by reference the averments of the preceding paragraphs as fully as though same were set forth herein in their entirety.

92.     The aforesaid actions of Defendants in communicating, conferring, and mutually agreeing, whether verbally and/or silently, to fabricate evidence in order to charge and prosecute the plaintiff without probable cause and/or to cover up the Defendant, Officers', brutality and failures to follow policies and/or procedures constituted a conspiracy to deprive plaintiff of his rights, privileges and immunities under the United States Constitution, particularly the right to be free from unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States and his right to procedural due under the Fourteenth Amendment to the Constitution of the United States,  and was in violation of 42 U.S.C. § 1983.

93.     As a direct and proximate result of the conspiracy on the part of Defendants to violate plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, the plaintiff was wrongfully deprived of his liberty, including false arrest, false imprisonment, malicious prosecution, being a victim of excessive force and being incarcerated, and lack of proper and necessary medical treatment.

94.     As a direct and proximate result of the actions and/or inactions of the Defendants and their violations of the plaintiff's civil rights, the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above which are incorporated herein by reference.

## COUNT VII
### PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN, HUNTER, REBSTOCK, SULOCK, SCHWEIZER, MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5
### ASSAULT AND BATTERY

95.     Plaintiff hereby incorporates by reference all prior allegations the same as though set forth herein at length.

96.     Defendants recklessly, intentionally, willfully, wantonly, maliciously, and unlawfully beat, injured, punched, hit, kicked, verbally abused, otherwise assaulted and battered the plaintiff and/or permitted the same and/or failed to stop the same and placed him in fear for his safety as more fully stated hereinbefore.

97.     At all relevant and material times hereto, Defendants lacked the authority, reason and/or cause to permit Defendant, Vandermay, to strike, assault, batter, verbally abuse, use excessive force upon and/or otherwise injure the plaintiff.

98.     The Defendants negligently, recklessly, and grossly negligently failed to protect the plaintiff, and others so situated, from being assaulted, battered and subject to excess force by a violent officer and then failed to stop and report the assault and battery of the plaintiff.

99.     The Defendants negligently, recklessly, and grossly negligently failed to protect the plaintiff, and others so situated, from being attacked by a known and/or should have been known violent officer and then failed to stop the assault and battery and/or to report the assault and battery of the plaintiff.

100.    Defendant, Killman, as well as the other named officers, saw the plaintiff being beaten by Defendant, Vandermay, and failed to stop the same.

101.    Defendant, Killman, as well as the other named officers, knew that the plaintiff was being arrested without probable cause by Defendant, Vandermay, and failed to prevent the same in order to allege a defense to excessive use of force claim.

102.    The actions of Defendant Officers, as more specifically described above, were unlawful, unnecessary and without justification and constituted the use of excessive force and assault and battery.

103.    As a direct and proximate result of the actions and/or inactions of Defendant Officers the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above and which are incorporated herein by reference.

**COUNT VIII**
**PLAINTIFF v. DEFENDANT, CITY OF PHILADELPHIA**
**CONSITUTIONAL VIOLATIONS AND NEGLIENCE**

104.    Plaintiff incorporates herein by reference all prior paragraphs the same as if set forth herein at length.

105.    At all times relevant and material hereto, Defendant, City of Philadelphia, by its agents, servants, workers, contractors, employees and/or other persons or entities was responsible for the obtaining, contracting and hiring of medical service providers for the health and welfare of Philadelphia arrestees and its prison population.

106.    At all relevant and material times hereto, Defendant, City Of Philadelphia, was in charge of the managers and administrators of the Philadelphia Prison System with a duty to provide access to necessary, reasonably adequate, quality and timely medical services and treatment to inmates, such as the Plaintiff, both at contracting hospitals and in the Philadelphia Prison System, in a reasonable and manner as required in the medical community and as required by law and to do otherwise is cruel and unusual punishment under both the 8th Amendment to the United States Constitution and under the Constitution of the Commonwealth of Pennsylvania.

107.    At all times relevant and material hereto and in this regard, Defendant, City of Philadelphia, negligently, carelessly, recklessly, intentionally, and with deliberate indifference disregarded its duty to provide the Plaintiff, Curtis Lee, and other similarly situated, with proper,

adequate and timely medical care, including, but not limited to, with outside contracting hospitals and during the course of his incarceration, particularly while Curtis Lee was incarcerated in the Philadelphia Prison System and required medical care from its contracting company.

108.   At all times relevant and material hereto, Defendant, City of Philadelphia, negligently continued to contract with, Corizon, to provide said medical services to the inmates of the Philadelphia Prison system, despite having knowledge and notice that the medical treatment provided by Corizon, and even its predecessor corporation, Prison Health Services, Inc., was often substandard, untimely, inadequate, substandard, negligent, careless, reckless and unsafe.

109.   At all relevant and material times hereto, Defendant, City of Philadelphia, had a duty to inspect, review and oversee the medical treatment and staff at the prison medical facilities in the Philadelphia Prison System, in a reasonable manner, as required in the medical community and under the laws applicable, in order to ensure quality medical care and services as prescribed by law.

110.   At all relevant and material times hereto, Defendant, City of Philadelphia, as the managing and administrating body of the Philadelphia Prison System and the medical care there, negligently failed to set, maintain, enforce and/or ensure proper and legal minimum standards for medical services, based upon local medical community standards at the Corizon facilities in the Philadelphia Prison System in order to ensure quality medical care as prescribed by law.

111.   The failure of Defendant, City of Philadelphia, to contract for and/or provide proper, adequate and competent medical treatment to the inmates of the City of Philadelphia in its prison population was deliberately indifferent, intentional, willful and wanton, in total disregard to the health and safety of Plaintiff, and others similarly situated, so as to allow the award of punitive damages.

112.     During the aforementioned incarceration and medical care of the Plaintiff, the medical/professional malpractice, negligence, carelessness, recklessness, willful and wanton conduct, and conduct evidencing defendant's failure to obtain and provide proper medical care for the inmates, constituted reckless and deliberate indifference to the rights of Plaintiff by Defendant, City of Philadelphia, which consisted of the following:

a. Failing to contract with a competent, completely staffed and properly trained medical agency/company to serve the prisoners of Philadelphia;

b. Failing to oversee, supervise, review and/or otherwise ensure proper, adequate and timely medical care, record-keeping, referrals to outside medical providers and other medical care as necessary for the inmates of Philadelphia;

c. Failing to contract with a company to provide medical services at the Philadelphia prisons that had not changed names due to prior malpractice lawsuits and/or for other reasons, which was known to provide inadequate medical services to the inmates;

d. Failing to search for and provide a competent, organized, properly staffed, properly trained and medically competent medical provider to the inmates of Philadelphia;

e. Failing to provide medical services possessing and exercising the degree of knowledge, care and skill ordinarily exercised in similar cases by attending physicians treating inmates;

f. Failing to provide medical services possessing and exercising the degree of knowledge, care and skill ordinarily exercised in similar cases by resident and intern physicians treating inmates;

g. Failing to provide medical services that conform to all applicable standards of medical care under the circumstances and the Constitutions of the United States and the Commonwealth of Pennsylvania;

h. Failing to provide medical services that exercise reasonable care in the diagnosis of the plaintiff's condition for which prompt diagnosis and treatment were critical for effective medical treatment and to save his arm and shoulder;

i. Failing to provide medical services which properly and adequately examine, diagnose, recognize, appreciate, monitor, treat, properly perform necessary tests, and/or perform indicated tests and procedures Plaintiff's deteriorating conditions in the face of obvious signs and symptoms;

j. Failing to provide medical services which properly and adequately examine, diagnose, recognize, appreciate, monitor, treat, properly perform necessary tests, and/or perform indicated test and procedures decedent's deteriorating conditions in the face of obvious signs and symptoms;

k. Failing to provide medical services which perform necessary medical testing;

l. Failing to provide medical services which did not perform the duties as an attending physician by intentionally and knowingly failing to attend to Plaintiff and leaving his care to an unqualified medical staff;

m. Failing to provide medical services and staff that recognize and properly treat the plaintiff's signs, symptoms and injuries;

n. Failing to provide medical services and staff that recognize the signs and symptoms indicative of a torn and/or injured shoulder;

o.  Failing to provide medical services and staff that recognize and appreciate the signs and symptoms of a torn and/or injured shoulder;

p.  Failing to provide medical services and staff that recognize the possible consequences of the same and/or failing to timely treat the same;

q.  Failing to provide medical services and staff that recognize and employ available appropriate methods of treatment for a torn and/or injured shoulder;

r.  Failing to provide medical services and staff that recognize and observe and/or know Plaintiff's signs and symptoms of a torn and/or injured shoulder;

s.  Failing to provide medical services and staff that recognize and follow proper examination, medical record review, testing and other procedures;

t.  Failing to provide medical services and staff that recognize and consider all options for the plaintiff's continued pain and symptoms;

u.  Failing to provide medical services and staff that recognize and effect a rapid diagnostic test or other examination by a doctor;

v.  Failing to provide medical services and staff that recognize and timely consider any options to improve plaintiff's condition;

w.  Failing to provide medical services and staff that recognize, consider and require performing imaging studies and/or failing to do so in a timely manner;

x.  Failing to provide medical services and staff that recognize and require an orthopedist evaluation and examination in a timely manner;

y.  Failing to provide medical services and staff that recognize and follow appropriate treatment procedures and protocols and thus failing to render proper treatment;

z.  Failing to provide medical services and staff that recognize follow medical procedures;

aa. Failing to provide medical services and staff that recognize and follow prison medical procedures;

bb. Failing to provide medical services and staff that recognize and properly relieve the pain and treat plaintiff's condition;

cc. Contracting for medical services that left Plaintiff's condition undiagnosed and improperly treated too long so as to avoid any complications and/or problems or otherwise compromising his health, safety, welfare and/or life;

dd. Violating the Plaintiff's Constitutional rights under the United States Constitution and the of the Commonwealth of Pennsylvania to adequate medical care.

113.    As the direct and proximate result of the aforesaid actions and/or inactions of the Defendant, Plaintiff, Curtiss Lee, Constitutional rights under the United States Constitution and the of the Commonwealth of Pennsylvania to medical care and treatment were violated.

114.    As the direct and proximate result of the aforesaid actions and/or inactions of the Defendant, Plaintiff, Curtiss Lee, sustained severe physical and psychological injuries including, but not limited to failure to treat, properly treat and/or timely treat his, large full thickness retracted tear of the supraspinatus and infraspinatus tendons, moderate tearing of the distal superior fibers and subscapularis tendon adhesive capsilitus, a slightly subluxated bicep tendon and Goutallier 3

to 4 stage changes in the muscles, requiring surgery such that plaintiff is now permanently disabled and/or disfigured; a fractured and/or injured hand; exacerbation of his psychological disorder(s), together with shock and injuries to his body and to his nerves and nervous system, severe depression, and sleep disorders all of which have rendered Plaintiff, Curtis Lee sick, sore, lame, prostrate, disabled and disordered, some or all of which may continue for an indefinite time into the future.

115.   As the direct and proximate result of the aforesaid actions and/or inactions of the defendant, Plaintiff, Curtis Lee, sustained severe physical injuries and all of which rendered him sick, sore, lame, prostrate, disabled and disordered and forced him to suffer great mental anguish, loss of life's pleasures; loss of general health, strength and vitality; humiliation and physical pain, for an indefinite time into the future.

116.   The medical care and/or lack of medical care to plaintiff was so wanton, intentional and willful, clearly disregarding the risk of harm to the Plaintiff, so as to require the imposition of punitive damages.

117.   As a direct and proximate result of the actions and/or inactions of the Defendant including, but not limited to, its violations of the plaintiff's civil rights and its negligence, carelessness, recklessness and deliberate indifference, the plaintiff suffered the physical and mental injuries, indignities, loss of rights and harms which are already described above which are incorporated herein by reference.

WHEREFORE, the Plaintiff requests this Honorable Court to:

a.   Award compensatory damages to the Plaintiff against the Defendants, jointly and severally, in excess of $150,000;

b.   Award punitive and treble damages to the Plaintiff against the Defendants, jointly and severally;

c.      Award costs of this action to the Plaintiff;

d.      Award reasonable attorney's fees and costs to the Plaintiff;

e.      Award interest, delay damages and treble damages;

f.      Award such other and further relief, as this Honorable Court may deem

appropriate; and,

g.      Plaintiff reserves the right to bring any and all causes of action and/or counts, if

and when ripe and/or after any favorable decision on the PCRA and/or new

criminal trial, whichever is later, that were dismissed **without prejudice** by this

Honorable Court in its June 27, 2019 Order.

The Plaintiff hereby demands a jury trial:


Respectfully submitted,

_/s/ *Rania Major, Esquire*_
Rania Major, Esquire
Attorney for Plaintiff

## VERIFICATION

I, Rania Major, verify that I am the plaintiff's attorney herein and that I am authorized to verify that the statements made in the attached pleading are true and correct to the best of my information, knowledge and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

*/s/ Rania M. Major, Esquire*
Rania Major, Esquire

## CERTIFICATE OF SERVICE

I, Rania Major, Esquire, hereby certify that I caused to be served a true and correct copy of the within Pleading via the electronic filing system to the following:

Meghan Claiborne, Asst. City Sol.
City Solicitor of Philadelphia
One Parkway Center
1515 Arch Street
16th Floor
Philadelphia, PA 19102

*/s/ Rania M. Major, Esquire*
Rania Major, Esquire