## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **CURTIS LEE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : |  |
|  | : |  |
| **v.** | : | **NO. 18-5332** |
|  | : |  |
| **CITY OF PHILADELPHIA, et al.** | : |  |
| **Defendants.** | : |  |

## <u>ORDER</u>

**AND NOW**, this _____ day of _____, 2019, upon consideration of Defendants' Motion for Judgment on the Pleadings, and the response thereto, it is hereby **ORDERED** that Defendant's Motion to Dismiss Plaintiff's Amended Complaint is **GRANTED.**

**SO ORDERED:**

_____
Pappert, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURTIS LEE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 18-5332** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, City of Philadelphia (the "City"); Philadelphia Police Department ("PPD"); Richard Ross, Jr. (individually as "Com. Ross"); Police Officer Donald Vandermay, Badge No. 3160 (individually as "Officer Vandermay"); Police Officer Robert Killman, Badge No. 5021 (individually as "Officer Killman"); Police Officer Hunter, Badge No. 6820; Police Officer Rebstock, Badge No. 6831; Police Officer Sulock, Badge No. 5244; Police Officer Scott Schweizer, Badge No. 9543; Police Sgt. Steven Woods, Badge No. 8886; Police Officer Hamoy, Badge No. 2121; Police Officer Maminski, Badge No. 1939; and Police Officer Ryan, Badge No. 6132 (collectively as "Defendants"), by and through the undersigned counsel, hereby file this Motion to Dismiss Plaintiff's Amended Complaint.

"Under Fed.R.Civ.P. 12(c), judgment on the pleadings is only appropriate in favor of defendants when they 'clearly establish[ ] that no material issue of fact remains to be resolved' such that they are 'entitled to judgment as a matter of law.'" *Rosenau v. Unifund Corp.,* 539 F.3d 218, 221 (3d Cir. 2008) (internal quotation omitted).  In assessing a motion for judgment on the pleadings, a court "must view the facts in the plaintiff's complaint as true and draw all reasonable inferences in the plaintiff's favor." *Allah v. Al–Hafeez*, 226 F.3d 247, 249 (3d Cir. 2000*)*.  "In other words, a district court applies the same standard to a judgment on the pleadings

as a motion to dismiss pursuant to Rule 12(b)(6), but may also review the answer and instruments attached to the pleadings." *Snyder v. Daugherty*, 899 F. Supp. 2d 391, 400 (W.D. Pa. 2012) (quoting *Brautigam v. Fraley,* 684 F.Supp.2d 589, 591–92 (M.D. Pa. 2010)).

For the reasons asserted in the accompanying memorandum, Plaintiff's claims should be dismissed.

Date:  September 26, 2019                    Respectfully submitted,


                                             */s/ Meghan E. Claiborne_____*
                                             Meghan E. Claiborne, Esquire
                                             Deputy City Solicitor
                                             Pa. Attorney ID No. 315918
                                             City of Philadelphia Law Department
                                             1515 Arch Street, 14th Floor
                                             Philadelphia, PA 19102
                                             (215) 683-5447
                                             meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURTIS LEE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| **v.** | : | **NO. 18-5332** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendants. | : | |
| | : | |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants, City of Philadelphia (the "City"); Police Officer Donald Vandermay, Badge No. 3160 (individually as "Officer Vandermay"); Police Officer Robert Killman, Badge No. 5021 (individually as "Officer Killman"); Police Officer Hunter, Badge No. 6820 (individually as "Officer Hunter"); Police Officer Rebstock, Badge No. 6831 (individually as "Officer Rebstock"); Police Officer Sulock, Badge No. 5244 (individually as "Officer Sulock"); Police Officer Scott Schweizer, Badge No. 9543 (individually as "Officer Schweizer"); Police Officer Hamoy, Badge No. 2121 (individually as "Officer Hamoy"); Police Officer Maminski, Badge No. 1939 (individually as "Officer Maminski"); Police Officer Ryan, Badge No. 6132 ("Officer Ryan"); and Police Sgt. Steven Woods, Badge No. 8886 (individually as "Sgt. Woods," and collectively as "Defendants"), by and through the undersigned counsel, hereby submit this memorandum of law in support of Defendants' Motion to Dismiss (the "Motion").

## I.   INTRODUCTION

On January 2, 2018, Plaintiff filed a complaint (the "Complaint") against Defendants asserting 18 separate counts stemming from an alleged incident involving Plaintiff and Officer Vandermay, Officer Killman, Officer Hunter, Officer Rebstock, Officer Sulock, Officer Schweizer, Officer Hamoy, Officer Maminski Officer Ryan and Sgt. Woods (collectively as

"Defendant Officers"). Dkt. 1, Complaint ("Cmplt.") at ¶28. Specifically, Plaintiff alleged that Officer Vandermay used excessive force in throwing Plaintiff to the ground in the middle of an undercover drug sting. *Id.* at ¶¶11, 18. On April 3, 2019, Defendants filed a motion for judgment on the pleadings ("Motion for Judgment on the Pleadings"). Dkt. 20. On July 27, 2019, the Court granted Defendants' Motion for Judgment on the Pleadings and gave Plaintiff the opportunity to file an amended complaint. On August 21, 2019, Plaintiff filed an amended complaint ("Amended Complaint"). Dkt. 35 (hereinafter cited to as "Amended Cmplt.").

In the Amended Complaint, Plaintiff again alleges that Officer Vandermay used excessive force in throwing Plaintiff to the ground. *Id.* at ¶18. Plaintiff further avers, on in formation and belief, that the other Defendant Officers witnessed Officer Vandermay "beating" Plaintiff and did nothing to intervene. *Id.* at ¶¶20-21. Defendant Officers then "made up a reason to charge the Plaintiff in an attempt to justify all their actions." *Id.* at ¶23. Plaintiff was convicted of the charges on June 8, 2017. Docket, *Com. v. Lee*, CP-51-CR-0006869-2016, attached as Exhibit A, at p.8, entry 3.[1]

Plaintiff has asserted eight (8) different counts against the 11 Defendants. Many of these counts are overlapping and/or duplicative, while some simply fail to articulate a specific, legally cognizable claim. Plaintiffs' Amended Complaint should be dismissed except as to those claims directly relating to Officer Vandermay's alleged physical assault of Plaintiff because Plaintiff

---

[1] The Court may consider public records, such as Plaintiff's underlying state court criminal docket, on a motion to dismiss. *See Hinkley v. Lehigh Cty. Clerk of Courts*, No. CIV.A. 11-1164, 2012 WL 1057452, at *1 n.2 (E.D. Pa. Mar. 29, 2012) (Sanchez, Chief J.) (citing *Morozin v. Johnson*, No. 11–2653, 2011 WL 5837146, at *1–2 & n. 2 (E.D. Pa. Nov.18, 2011); *Simpson v. City of Coatesville*, No. 10–0100, 2010 WL 3155307, at *5 & n. 3 (E.D. Pa. July 28, 2010); *Clean Harbors, Inc. v. ACSTAR Ins. Co.*, No. 09–5715, 2010 WL 1930579, at *2 n. 7 (D.N.J. May 12, 2010)).

fails to allege facts sufficient to support any claims against the other Defendant Officers. Additionally, Plaintiff's allegations as to the City are wholly insufficient.

## II.  LEGAL STANDARD

A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.*  Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## III.  ARGUMENT

### A.  The City is Entitled to Judgment as to All Tort Claims Under the Tort Claims Act.

The Court should dismiss the negligence claim contained in Count VIII as to the City because the Tort Claims Act fully immunizes the City in this case. The Tort Claims Act generally bars individuals from suing municipalities. *See* 42 Pa.C.S. § 8541. Although section 8542(b) of the Tort Claims Act creates a narrow exception to this immunity, this exception only applies if a plaintiff's "injury was caused by . . . *negligent* acts." *See* 42 Pa.C.S. § 8542(a)(2) (emphasis added); *Orange Stones Co. v. City of Reading*, 87 A.3d 1014, 1022 (Pa. Cmwlth. 2014) (holding that the Tort Claims Act only permits suits against municipalities for "negligent acts"); *see also Klump v. Nazareth Area Sch. Dist.*, 425 F. Supp. 2d 622, 636 (E.D. Pa. 2006) ("The exceptions in section 8542 apply *only* where the injury was caused by the *negligent* acts of the local agency or an employee thereof[.]") (emphases added) (internal quotations omitted).

Therefore the City is entitled to judgment on the pleadings as to all of Plaintiff's intentional tort claims. *See, e.g.*, *Wakshul v. City of Philadelphia*, 998 F. Supp. 585, 588 (E.D. Pa. 1998) (dismissing claim for intentional infliction of emotional distress against the City of Philadelphia under the Tort Claims Act).

  **B.  Plaintiff Fails to Allege a *Monell* Claim.**

  Even if Plaintiff's negligence claim was not barred by the Tort claims act, Plaintiff has still failed to allege a *Monell* claim of any sort against the City.

  As the Supreme Court has made clear, a municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). *See also, Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (Section 1983 does not permit a municipality to be held vicariously liable for the acts of its employees). "[C]ourts have recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *See Mulholland*, 706 F.3d at 237 (citations and quotations omitted).

  Plaintiff has asserted a claim against the City for constitutional violations, in addition to negligence, in Count VIII.[2] *See Amended* Cmplt. at ¶¶105-117. Plaintiff's claim is based upon the City's alleged failure to provide adequate and/or timely medical care. *Id.* at ¶107.

---

[2] While Plaintiff does not specifically allege a *Monell* claim based upon a practice or custom of allowing excessive use of force, Plaintiff appears to allege facts to support such a claim. To the extent Plaintiff's attempt was to plead such a claim, Plaintiff's allegations are insufficient. A complaint must include "specific *factual* allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See id.*

Here, Plaintiff fails to adequately allege a *Monell* claim. Count VIII is merely an attempt to shoehorn a claim for inadequate medical treatment, which is already being litigated against medical providers in separate litigation (*see Lee v. Temple University Hospital-Episcopal Campus, et al.*, 18-cv-4303) (subsequently remanded to state court), into a claim against the City. Plaintiff concedes that his medical treatment was provided by Temple University Hospital-Episcopal Campus (Amended Cmplt. at ¶34) and Corizon, the medical provider contracted by the City. *Id.* at ¶108 (alleging the City "contract[ed] with, Corizon, [sic] to provide [] medical services to the inmates of the Philadelphia Prison system").

Plaintiff appears to use contractual privity to create a *Monell* claim against the City out of what is actually a failure to provide medical treatment claim against a third-party. *See* Amended

---

(emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments include no such factual allegations. *See* Cmplt. at ¶¶ 50-54, 52-97-102, 113-121, 143-149, 156-158, 160-172.

Plaintiff alleges that "Vandermay "had a history and/or habits of using excessive force, yet failed to act upon the same at any time prior to [P]laintiff's contact with the officers or arrest." Amended Cmplt. at ¶30. However, Plaintiff cites to only one prior allegation of alleged excessive use of force by Officer Vandermay, and this single allegation occurred over five (5) years prior to the alleged incident concerning Plaintiff. *Id.* at ¶30(a). It appears that the complaining individual, Khalif Snowden, filed a federal civil rights suit based upon these allegations. *See Snowden v. City of Philadelphia, et al.*, 2:11-cv-05041-RB. Judge Buckwalter ultimately granted summary judgment in favor of Officer Vandermay, and against Plaintiff, as to the claim for excessive use of force. *See id*. at Dkt. 25, attached as Exhibit B. Plaintiff fails to allege any additional facts to support any *Monell* claim based upon prior use of force by Officer Vandermay, or any other Defendant Officer or any other PPD officer.

This Court has routinely dismissed complaints containing similar bald assertions as the ones in Plaintiff's Complaint that fail to identify specific instances of prior misconduct caused by the allegedly inadequate training. *See Williams v. Borough of Sharon Hill*, No. 12-5395, 2013 WL 4743471, at *4 (E.D. Pa. Sept. 4, 2013) (granting a motion to dismiss a failure to train claim because the complaint "does not plead any fact to suggest a pattern of similar constitutional violations by untrained employees") (citations and quotations omitted); *Niblack*, 2013 WL 4432081, at *9 (granting a motion to dismiss a failure to train claim when plaintiff "allege[d] no facts concerning prior instances of police using excessive force during arrest[s]").

Plaintiff has therefore failed to plead a claim for a practice or custom of allowing excessive use of force, either generally or by any Defendant Officer.

Complt at ¶¶ 106-117. There is no basis for using contractual privity give rise to municipal liability for a constitutional violation alleged caused by a third, non-party. Additionally, as discussed above, because Plaintiff's contractual theory is based upon negligence (Amended Cmplt. at ¶108), any such claim against the City would be barred by the Tort Claims Act.

Even if Plaintiff was allowed to proceed against the City under a failure to provide medical treatment claim, which he has not pled, such a claim would fail as Plaintiff merely alleges his medical treatment was negligently delayed. *Id.* at ¶¶42-46 (alleging Plaintiff was "negligently given physical therapy . . . even though the physical therapist said it was not helping him and he needed to see a doctor").

To state a claim for failure to provide medical care, Plaintiff's allegations must rise to the level of deliberate indifference, not just negligence, which is lacking from Plaintiff's Complaint. *See Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) ("More is needed than a naked averment that a tort was committed under color of state law....") (quoting *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3d Cir. 1970)). Deliberate indifference is exhibited where a knowledge of need for medical care is accompanied by intentional refusal to provide that care. *Lanzaro*, 834 F.2d at 346; *Durmer v. O'Carroll*, 991 F.2d 64, 68 (3d Cir. 1993) (same). Neither minor delay in obtaining nor dissatisfaction with medical treatment amount to deliberate indifference sufficient to support a claim. *See Thomas v. Pate*, 493 F.2d 151, 158 (7th Cir.), *vacated sub nom. Cannon v. Thomas*, 419 U.S. 813 (1974) (a plaintiff fails to state a claim where he "alleges no more than that he is dissatisfied as to the adequacy of treatment actually received for a particular injury or ailment."); *Brightwell v. Roth*, No. CIV. A. 91-6321, 1992 WL 55740, at *2 (E.D. Pa. Mar. 12, 1992) ("Plaintiff is not complaining of *denial* of medical relief, but of *delay* in administering such relief. Such delay is more akin to an act of negligence than to

deliberate indifference, and a claim of mere negligence, or medical malpractice, is a cause of action under state law.") (emphasis in original).

Additionally, Plaintiff asserts that his rights were violated by the City because he has an absolute right to see a physician rather than a physician's assistant pursuant to 49 Pa. Code § 18.171 ("Section 18.171"), incorrectly identified by Plaintiff as "49 Pa.C.S. Section 18.171." Cmplt. at ¶48. This is incorrect. Specifically, Section 18.171 does not identify a specific right to see a doctor, nor does it explicitly create a private right of action for any violation of Section 18.171. Rather, Section 18.171 is part of Chapter 18, State Board of Medicine – Practitioners Other than Medical Doctors, of the Pennsylvania Administrative Code. The specific purpose of Subchapter D, Physician Assistant, is to "provide[] for the delegation of certain medical tasks to qualified physician assistants by supervising physicians when the delegation is consistent with the written agreement." 49 Pa. Code § 18.121. This delegation of medical tasks does not create an independent constitutional right to be seen by a doctor. Nor is there any precedent supporting a novel recognition of this right.

For the foregoing reasons, the Court should dismiss Count VII of Plaintiff's Amended Complaint as to the City.

### C.      Plaintiff Fails to Allege Claims Against Officer Hunter, Officer Rebstock, Officer Sulock, Officer Schweitzer, Officer Maminski, Officer Hamoy and Ryan, Sgt. Woods.

The remaining allegations in Plaintiff's Amended Complaint concern the alleged physical assault of Plaintiff by Officer Vandermay in "throwing the plaintiff violently to the ground and then throwing him violently into a police vehicle, causing him to sustain serious and permanent injuries." Amended Cmplt. at ¶18. Plaintiffs' original Complaint was devoid of any allegations as to the Defendant Officers apart from Officers Vandermay and Killman. In his Amended

Complaint, Plaintiff's only allegations as to the Officer Killman and the remaining Defendant Officers is that "[i]t is believed, and therefore averred" that around the same time that Officer Vandermay assaulted Plaintiff, Officer Killman "dispatched all of his back-up officers, Defendant, Officers [sic], into the area to effectuate arrests of the drug dealers and/or buyers down Weymouth Street" and that, "on information and belief," the other Defendant Officers "witnessed what Defendant, Vandermay [sic], did to [P]laintiff and failed to stop Vandermay from beating the plaintiff despite their duty to intervene in such violations." *Id.* at ¶¶19, 21.

"Upon information and belief" averments are insufficient under *Iqbal* and *Twombly*, *infra*, unless (1) "the facts are peculiarly with the possession and control of the defendant" or (2) the "belief is based on factual information that makes the inference of culpability plausible." *McClure v. Comm'r Jeffrey T. Haste*, No. 1:14-CV-2249, 2016 WL 695111, at *1 (M.D. Pa. Feb. 19, 2016) (quoting *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010)); *Ostrowski v. Doe*, No. 3:14-CV-429, 2016 WL 862477, at *7 (M.D. Pa. Mar. 7, 2016) (same).

Based upon the allegations as to the Defendant Officers, apart from Officer Vandermay, the only available claim is one for failure to intervene. An essential element of this claim is whether the officers had an opportunity to intervene. *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002). Whether the other Defendant Officers were present in the area and therefore able to witness and/or stop Plaintiff from being beat is not a fact that is solely within the possession and control of the Defendant Officers – this is information that should have been readily observable by Plaintiff. Either Plaintiff saw the other Defendant Officers in the area, or he did not.

Plaintiff has not provided any factual information to support the inference that any of the other nine (9) Defendant Officers were witnesses to and/or able to intervene in the alleged assault apart from qualified allegations on information and belief. Notably, for the second time,

Plaintiff has declined to affirmatively allege that he personally saw any of the Defendant Officers nearby during or immediately after the alleged assault by Officer Vandermay. Plaintiff may not salvage his claims against the remaining Defendant Officers, in the absence of any supporting facts, by merely alleging necessary facts on information and belief.

"Allegations made upon information and belief—which are little more than conjecture and wishful thinking—have little hope of salvaging an otherwise defective complaint." *Advanced Oral Techs., L.L.C. v. Nutrex Research, Inc.*, No. CIV. 10-5303 DRD, 2011 WL 1080204, at *4 (D.N.J. Mar. 21, 2011). *See also, Harman v. Unisys Corp.,* 356 Fed. Appx. 638, 640–641 (4th Cir. 2009) ("conclusory allegations" made upon "information and belief" were "insufficient to defeat a motion to dismiss."); *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1268 (11th Cir. 2009) (dismissing complaint where "allegations of conspiracy are 'based on information and belief,' and fail to provide any factual content that allows us 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'").

As such, all claims should be dismissed as to Officers Killman, Hunter, Rebstock, Sulock, Schweitzer, Maminski, Hamoy and Ryan, as well as Sgt. Woods. *See id.*

### D.    Unreasonable Search and Seizure

Plaintiff's claim for violation of the Fourth Amendment right to be free from unreasonable search and seizure is without merit. "The doctrine that a search without warrant may be lawfully conducted if incident to a lawful arrest has long been recognized as consistent with the Fourth Amendment's protection against unreasonable searches and seizures." *See, e.g., Ker v. State of Cal.*, 374 U.S. 23, 41 (1963); *Abel v. United States*, 362 U.S. 217 (1960); *Harris v. United States*, 331 U.S. 145 (1947); *Marron v. United States*, 275 U.S. 192, (1927). Plaintiff was arrested on June 2, 2016 (Amended Cmplt. at ¶8) and was subsequently convicted. Ex. A.

Under *Heck v. Humphrey*, 512 U.S. 477 (1994), a Section 1983 action that impugns the validity of the underlying conviction at issue cannot proceed unless the conviction in question has been reversed or set aside. *Gilles v. Davis*, 427 F.3d 197, 209 (3d Cir. 2005) (citing *Heck*, 512 U.S. at 209-10). Plaintiff is therefore precluded from challenging the validity of the search and seizure of his client incident to his arrest given that he was subsequently convicted, and the conviction has not been reversed or set aside. *Id.*

### E.     Plaintiff Fails to Sufficiently Allege an Equal Protection Claim.

Plaintiff alleges that he "had been away from his in-patient treatment program for over 55 days without necessary medication" as of June 2, 2016. Amended Cmplt. at ¶9. Plaintiff further alleges that after Plaintiff created a scene at church soup kitchen, the police were called to remove him. *Id.* at ¶10. Officer Vandermay allegedly responded and ordered Plaintiff to leave the area. *Id.*at ¶14. After Plaintiff returned to the area, Officer Vandermay allegedly assaulted Plaintiff, then fabricated allegations against Plaintiff to cover up" the beating and injuries.[3] *Id.* at ¶¶18, 28. Based upon these facts, Plaintiff alleges that "[t]he actions and inactions taken against [him] occurred due to both his race – African American – and his disabilities (plaintiff had pre-existing mental disabilities which precluded him from understanding and/or remembering Defendant, Vandermay' s [sic] instruction(s) which should have been apparent to said defendant." *Id*. at ¶89. There is no mention of either Plaintiff or Defendants' race(s).

The Fourteenth Amendment's Equal Protection Clause provides that no state shall "deny any person within its jurisdiction equal protection of the law."  U.S. Const. amend. XIV, § 1. "[A]ll people similarly situated are to be treated alike." *City of Cleburne v. Cleburne Living Ctr*., 473 U.S. 432, 439 (1985). To bring a successful claim for the denial of equal protection, a

---

[3] As previously discussed, Plaintiff was actually convicted of the charges.

plaintiff must show the existence of "purposeful discrimination." *See McClesky v. Kemp*, 481 U.S. 279, 292 (1987); *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 557 (3d Cir.2011).  To accomplish this, Plaintiff must demonstrate that he received different treatment from that received by other individuals similarly situated.

"Intentional discrimination can be shown when: (1) a law or policy explicitly classifies citizens on the basis of race; (2) a facially neutral law or policy is applied differently on the basis of race; or (3) a facially neutral law or policy that is applied evenhandedly is motivated by discriminatory intent and has a racially discriminatory impact." *Antonelli v. New Jersey*, 419 F.3d 267, 274 (3d Cir.2005) (internal citations omitted).  Apart from baldly asserting that the Defendants' actions were based on Plaintiff's race and disabilities (Amended Cmplt. at ¶89), Plaintiff fails to assert a single fact supporting an Equal Protection Claim based upon either race or mental disability. *Barrett v. City of Allentown*, 152 F.R.D. 50, 55 (E.D. Pa. 1993) (dismissing a claim for violation of the Equal Protection clause because "[b]ald and conclusory allegations cannot withstand a motion to dismiss."). Therefore, Plaintiff's equal protection claim should be dismissed.

### F.    Eight Amendment

Plaintiff also alleges at various points that Defendants Officers' actions constituted cruel and unusual punishment under the Eighth Amendment to the United States Constitution. *See, e.g.,* Amended Cmplt. ¶¶65, 70-74 (Count II), 79. The Cruel and Unusual Punishment Clause "was designed to protect those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). Consequently, it applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." *Id.* at 671, n.4.

14

Notably, Plaintiff has only asserted Eight Amendment claims against Defendant Officers, and all conduct underlying the claims occurred *prior* to Plaintiff's conviction. Plaintiff has not asserted wrongdoing by Defendant Officers after his conviction or during any incarceration. Plaintiff's allegations concerning a violation of the Eighth Amendment therefore fail on their face.

Further, while Count II is asserted as to all Defendant Officers, it contains allegations solely related to Defendants Vandermay and Killman. *See* Amended Cmplt. at ¶¶70-74. Thus, even if Plaintiff had alleged facts sufficient to support an Eighth Amendment claim, the claim should still be dismissed as to all remaining Defendant Officers.

Accordingly, Plaintiff raises no cognizable Eighth Amendment claim and any such claims should be dismissed.

### G.      Plaintiff Fails to Allege a Claim For Due Process Violation.

While Plaintiff alleges at various points in his Amended Complaint a claim for due process (*see, e.g.,* Amended Cmplt. at ¶82), Plaintiff wholly fails to allege any facts to support such a claim. To the extent Plaintiff is able to point to any facts in his Amended Complaint that support a claim for due process violation, in light of his conviction, Defendants will respond appropriately in a reply brief.

### IV. CONCLUSION

For the reasons set forth above, all of Plaintiff's claims, except those specific claims as to Officer Vandermay concerning excessive use of force under Section 1983 and/or assault and battery, should be dismissed.

15

Date:  September 26, 2019                    Respectfully submitted,


                                             /s/ *Meghan E. Claiborne*
                                             Meghan E. Claiborne
                                             Deputy City Solicitor
                                             Pa. Attorney ID No. 315918
                                             City of Philadelphia Law Department
                                             1515 Arch Street, 14th Floor
                                             Philadelphia, PA 19102
                                             215-683-5447
                                             meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURTIS LEE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 18-5332** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the Defendants' Motion to Dismiss Plaintiff's Amended Complaint was filed via the Court's electronic filing system and is available for downloading.

Date:  September 26, 2019                    Respectfully submitted,


                                                      */s/ Meghan E. Claiborne*
                                                       Meghan E. Claiborne