IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS LEE | : | CIVIL ACTION |
| PLAINTIFF | : | NO. 18-05332 |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| DEFENDANTS | : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff, Curtis Lee, by his undersigned counsel, hereby moves this Honorable Court to Deny Defendants' Motion for Judgment on the Pleadings. Plaintiff incorporates by reference in its entirety the attached Memorandum in support hereof.

WHEREFORE, Plaintiff, Curtis Lee requests that this Honorable Court deny Defendants' Motion to Dismiss Plaintiff's Amended Complaint.

Date:  October 22, 2019                       Respectfully submitted,

*/s/ Rania M. Major, Esquire*
Rania M. Major, Esquire
RANIA MAJOR, P.C.
2915 North 5th Street
Philadelphia, PA  19133
(215) 291-5009
ATTY. I.D. NO. 51298
ATTORNEY FOR PLAINTIFF

IN THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CURTIS LEE | : | CIVIL ACTION |
| PLAINTIFF | : | NO. 18-05332 |
| v. | : | |
| CITY OF PHILADELPHIA, et al. | : | |
| DEFENDANTS | : | |

**MEMORANDUM OF LAW**

Plaintiff, Curtis Lee, by and through the undersigned counsel, hereby submit this Memorandum of Law in support of Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

**I. FACTS**

On January 2, 2018, Plaintiff filed his initial Complaint (the "Complaint") against the Defendants, City, Vandermay and Killman, among others who have been dismissed by agreement and/or prior court order. ECF No. 30 and herein. As to the paragraphs that were remaining, post court order, the initial complaint alleged that Officer Vandermay used excessive force when he falsely arrested the Plaintiff. See Exhibit ECF No. 1, complaint at paragraphs 11, 18. Furthermore, that Defendant Killman witnessed all of the events that occurred between the Plaintiff and Vandermay. Id. at 21, 23, 24, 28 29. Subsequently, the Defendants filed their initial Motion for Judgment on the pleadings which was granted in part and denied in part. ECF No. 20. Pursuant to the court order of July 27, 2019, the Plaintiff filed an Amended Complaint (hereinafter "Amended Complaint"). ECF No. 35.

Plaintiff's Amended Complaint, combined with the dismissal of all Officers, excepting Defendants Vandermay and Killman, again avers the same basic set of facts

against these officers and the City as in his initial complaint although the same facts and counts were modified. Id. With regard to the City, the only claims that remained after this Honorable Court's Order, were for the federal constitutional violations and the City's failure to provide proper and timely medical treatment to the Plaintiff. Id. at Count VIII.

None of the Plaintiffs eight counts are overlapping, duplicative and/or otherwise fail to comply with both the laws applicable and this Honorable Court's July 27, 2019 Order. ECF No. 35.

In response to Plaintiff's original complaint, the Defendants filed a Motion Judgment on the Pleadings. ECF No. 20. In said motion the Defendants raised the following issues:

1. Plaintiff's underlying conviction barring malicious prosecution and false arrest, (ECF No. 20. A2);

2. that certain individual Defendant officers did not participate in the assault, (ECF No. 20B);

3. The City was entitled to judgment under the Tort Claims Act (ECF No. 20C);

4. That the City was entitled to judgment under Monell Claims, which had three sub- parts the third of which pertained to the failure to properly contract for medical services for prisoners. (ECF No. 20(D)(1), (2) and (3));

5. Pertaining to claims against Commissioner Ross, (ECF No. 20E) , and;

6. No private right to damages under the Pennsylvania Constitutional violations. (ECF No. 20. "A" at p.18).

In response to Plaintiff's Amended Complaint, the Defendants again filed a Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(b)(6). ECF No. 37. However, the Second Motion to Dismiss includes several arguments not previously raised specifically those found in Paragraph D - unreasonable search and

seizure; Paragraph E -pertaining to equal protection; Paragraph F - the 8th Amendment'; and, Paragraph G - due process violations. Id.

Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint, should be denied as violative of Federal Rule of Civil Procedure 12. Compare ECF. No. 37with ECF No. 20.

## II.   ARGUMENT

### A. The City is Not Entitled to Judgment Under the Tort Claims Act.

The Tort Claims Act provides a general grant of immunity to all local agencies for damages caused by acts of an agency or its employees. Finn v. City of Philadelphia, 645 A.2d 320 (Pa. Cmwlth.1994); see section 8541 of the Judicial Code, 42 Pa.C.S. § 8541. There are, however, eight limited exceptions to governmental immunity. See Section 8542 of the Judicial Code, 42 Pa.C.S. § 8542(b)(1)-(8); DeLuca v. School Disc. of Philadelphia, 654 A.2d 29, 31 (Pa. Cmwlth. 1994). However, "The Political Subdivisions Tort Claims Act cannot immunize a municipality against a federal cause of action." A §1983 action is not a regular tort action, it addresses a violation of federal civil rights. Wiehagen v. Borough of North Braddock, 559 A.2d 991, 993 (Pa. Cmwlth.1989).

The Tort Claims Act, 42 Pa.C.S. Section 8541, et seq., does not provide municipal immunity for any civil rights violations under either the Constitutions of the United States or the Commonwealth of Pennsylvania. Furthermore, it absolutely does not provide immunity to the individually named defendants who were acting as agents for the City of Philadelphia. With respect to Defendant, City of Philadelphia, it may be held liable to the plaintiff for its own policies, procedures and deliberate indifference to the rights of the plaintiff and for the torts plead. Under 42 Pa.C.S. §8545 an employee of a local agency is liable for acts within the scope of his official duties only to the extent that the local agency is liable. 42 Pa.C.S. §8541 precludes liability of local agencies a unless

the allegedly injurious act falls under one of the exceptions in 42 Pa.C.S. §8542. Under 42 Pa.C.S. §8550, however, an employee is not protected by the local agency's immunity if his act constitutes a crime, actual fraud, actual malice, or willful misconduct. Willful misconduct in this context is synonymous with "intentional tort." <u>King v. Breach</u>, 540 A.2d 976 (Pa. Cmwlth.1988); <u>Lancie v. Giles</u>, 572 A.2d 827, 830 (Pa. Cmwlth. 1990).

With regard to Plaintiff's claims concerning medical treatment, they must not fail. Plaintiff agreed in the medical malpractice case, that the claim against the City is for negligent contracting and, therefore it was removed from the straight forward medical malpractice case. (See *Lee v. Temple University Hospital Episcopal Campus, et al*, formerly 18-CV-4304 as it has been remanded to the Philadelphia Court of Common Pleas for medical malpractice claims against the providers only).

In the instant matter beginning at paragraph 39 and going through to paragraph 51, and then again at paragraphs 55 and 61, the plaintiff alleges negligence on behalf of unknown City employees and managers who were responsible for ensuring that Philadelphia prisoners received proper medical care. ECF No. 37. When combined with the allegations in Count VIII, particularly given that Corizon was formally known as Prison Health Services Inc., and has always provided substandard, untimely and inadequate medical care to prisoners, the City failed to properly oversee Corizon and ensure that all prisoners, including the plaintiff, received timely and proper medical care. <u>Id.</u> Had the Plaintiff been given timely medical care and not had a delay of 11 months before obtaining an MRI, then perhaps, and most likely, the injuries to his shoulder would have been reparable and would not have resulted in permanent disabilities. See Exhibits "A", "B" and "C" attached hereto and incorporated by reference. The Plaintiff has sufficiently plead these allegations which are consistent with the three expert reports that have been provided 1.) dealing with the actual prison and City; 2.) dealing with the

doctors, and; 3.) dealing with the physicians assistants who provided medical care and/or failed to do so, to the Plaintiff. Id. Particularly Dr. John Horneff, III, who was the surgical physician provided by the City at Rothman Institute, states repeatedly throughout his reports that the 11-month delay prevented him from being able to fully and properly repair the plaintiff's shoulder. See e.g. in Exhibit "B", the May 31, 2017 Report of Dr. Horneff. Therefore, the acts of the City as it is the one responsible for ensuring and providing medical care to prisoners such as the Plaintiff, was not only deliberately indifferent, but was also negligent. Therefore, the Tort Claims Act permits a suit in the instant matter against the City of Philadelphia. See e.g., Orange Stone's Company v. City of Reading, 87 A 3rd 1014 (Pa. Cmwlth. 2014).

Furthermore, this claim is not being litigated against the City in the litigation which is solely for medical malpractice at Lee v. Temple University Hospital Episcopal Campus and Corizon Medical, 18-cv-4303 which was remanded to state court. The City in filing this motion again, is attempting to absolve itself of its constitutional responsibilities to provide proper and adequate medical treatment to prisoners. This is not just a "failure to provide medical treatment claim against a third party"; but, rather, constitutional violations caused by the City itself. The City knew that formerly Prison Health Services, Inc., was sued in a number of courts for improper, inadequate, untimely and otherwise unconstitutionally sufficient medical care to prisoners. Yet, when said company renamed itself Corizon, the City still entered into a contract despite the fact that nothing other than the corporate named changed. The Amended Complaint alleges these facts. ECF No. 37, supra.. It is respectfully submitted that these facts, which have yet to be confirmed through discovery other than what is of record on various dockets throughout Pennsylvania as well as other states, rises to the level of deliberate indifference and is not just mere negligence as Plaintiff has plead.  The Plaintiff has

sufficiently plead that the City had knowledge that Prison Health Services, Inc. did not provide adequate care and yet contracted again albeit under its new corporate name, Corizon. See e.g. ECF No. 37 at paragraph 108.

Furthermore, the City has a duty to ensure that its contractors, including Corizon, meet the legal minimum standard for medical care. In failing to do so, the City is responsible for constitutional violations under the Tort Claims Act and it becomes, if nothing more, at least a question of fact for the fact finder to determine whether or not the City acted deliberately indifferently to Mr. Lee's rights to adequate medical care as a prisoner under this particular set of facts. Under this set of facts, the instant matter is distinguishable from a case relied upon by the City Brightwell v. Roth, No. Civ. A. 91-6321, 1992 W.L.55740, at *2(March 2, 1992) because the Plaintiff was continuously denied relief in the instant matter and the medical provider changed its corporate name in an attempt to hide its prior malpractice history, yet the City contracted with the successor corporation, which amounts to deliberate indifference in addition due to the contractual allegations raised above.

This is not merely a Plaintiff's right to see a physician, this is a right to have medical care performed in a timely manner and to not have physicians' assistants falsifying records that a physician is overseeing the care of a prisoner. See Exhibit "C". Pursuant to the laws applicable, physician assistants must report to a physician and be attended to by a supervising physician. Id. Likewise, these are the rules at Corizon. Only discovery will prove this. Therefore, Count VIII of Plaintiff's Amended Complaint should not be dismissed.

This is not a contractual privity claim. Rather, it is a direct claim, as plead in count VIII, that the City knew that the predecessor corporation to Corizon, namely Prison Health Services ("PHS"), had to close and change names because they continuously

provided inadequate medical care to prisoners, not only in Philadelphia, but across the country and were successfully sued countless times. The same company then reformed under the name Corizon. Yet the City, again, contracted with same medical providers to give medical treatment at the Philadelphia County Prisons, including those at which the Plaintiff resided.

There was not just negligence in Plaintiffs' medical treatment, rather, there was serious deliberate indifference on behalf of the doctors. See Exhibits "A", "B" and "C" attached hereto and incorporated by reference. The plaintiff did not physically see a doctor until approximately 11 months subsequent to his injury at which time he finally saw a doctor and got an MRI to his shoulder, which revealed tears in his shoulder. Id. His physical therapist kept requesting that he get to see a doctor and, in fact, stated that the physical therapy they ordered, despite not having seen a doctor, was not helping his condition. Id. Shortly after seeing the prison doctor, the plaintiff was then sent out to an outside expert orthopedist. Id. The orthopedist performed surgery as quickly as possible, but because of the delay of approximately 11 months since the injury, he could not fully repair the shoulder. Id. It was solely because of the delay of the proper medical treatment at the Philadelphia Prison that the plaintiff is now stuck with permanent injuries to his dominant arm/shoulder. Id.

There is a similar case, <u>H.C. v. Jarrad</u>, 786 F.2d 1080, 1083, 1086 (11th Cir. 1986)(the denial of medical care for injured shoulder was unconstitutional even where no permanent injury resulted and not covered by immunity), from the Eleventh Circuit. In the instant case, the plaintiff has a permanent injury, thus making his constitutional violations that more sacrosanct. The City, and its medical contractor, failed to provide medical care, which is actionable. *See,* <u>Monmouth County Cor. Institution Inmates v. Lanzaro</u>, 834 F.2d 326 (3rd Cir. 1987). The prison health providers, upon whom the City

relied, based upon their contract, and yet failed to oversee, regulate and/or monitor, intentionally failed to provide the Plaintiff with necessary medical care. <u>Id</u>. at 346; <u>Durmer v. O'Carroll</u>, 991 F. 2d 64 (3rd Cir. 1993). The City wishes this was a dissatisfaction with medical care, but it is not. This is both a negligent contracting/hiring and privity of contract claim in violation of Plaintiff's 4th, 8th and 14th Amendment Constitutional rights.

Further, the P.A.s were claiming, falsely, in the medical records, that the plaintiff had seen a prison physician when in fact he had not. Exhibits "A", "B", and "C". Apparently, the P.A.s had been issuing orders on their own as if they were doctors. <u>Id</u>.

Furthermore, it became the official policy and custom of the City of Philadelphia to contract with a known negligent medical provider, even though the name changed, when it contracted with Corizon. This was a deliberate choice to follow that course of action and that contract which needs to be further developed throughout discovery. Immunity does it attach to being deliberately indifferent and negligent in the contracting with a medical provider.

Again, this is a pleading stage, and not the discovery stage. However, if this Honorable Court finds the pleading insufficient for any reason, then plaintiff respectfully seeks leave to amend the amended complaint. Leave to amend a complaint "shall be freely given when justice so requires." <u>Foman v. Davis</u>, 371 U.S. 178 (1962). Plaintiff's claims for the negligent contracting/hiring and Constitutional Violations should not be dismissed. In the alternative, Plaintiff requests leave to amend his amended complaint. The plaintiff has sufficiently plead Count VIII which requires discovery completion.  The Plaintiff has alleged that the City's failure to properly contract with its chosen medical provider.

Even if there were no applicable exception to the Political Subdivision Tort Claims Act in the instant matter, granting Defendant, City of Philadelphia, immunity from plaintiffs' claims would violate the Plaintiff's right to substantive due process under the Fourth Amendment of the Constitution and his rights as a pre-trial detainee, to proper medical treatment by a City contracted provider. This is not to mention its liability for the excessive force used by Defendant, Vandermay, and witnessed, but not stopped, by Defendant, Killman, which the City does not argue about in the instant motion.

### B. Plaintiff Did Not Fail Allege a Monell Claim.

A municipality can only be liable under 42 U.S.C. §1983 when the municipality itself causes the complained-of violation. Monell, supra.; Baker v. Monroe Twp., 50 F.3d 1186, 1 (3d Cir. 1995). A prima facie §1983 case requires that a Plaintiff prove that he suffered a violation of rights created by federal law or statute, Oklahoma City -v-Tuttle. 471 U.S.808 (1985) at the hands of a person acting under color of state law, 446 U. S. 635 (1980). Where a plaintiff seeks "to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiffs rights he must demonstrate that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences," Bryan County v, Brown, 520 U.S. 397, 407,137 L Ed, 2d 626, 117 S, Ct. 1382 (1997). To establish municipal liability under Monell, a plaintiff must " identify the challenged policy, [practice or custom], attribute it to the City itself, and show a causal link between the execution of the policy, [practice or custom] and the injury suffered,'" Fullman v. Philadelphia Int'l Airport, 49 F. Supp. 2d 434, 445 (E.D. Pa. 1999), quoting Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984). In order to attribute such a policy, practice or custom to the City, plaintiff must "show that a policymaker for the City authorized policies that led to the violations or permitted practices that were so permanent and well settled as to establish acquiescence." Baker v.

Monroe Twp., 50 F.3d 1186, 1191 (3d Cir. 1995). 42 C.S.C. §1983 provides a cause of action against any "person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected" any person to the deprivation of any right protected by federal law or the United States Constitution. Unlike §§1981 and 1982, §1983 is derived from the Civil Rights Act of 1871, which was enacted to enforce the Fourteenth Amendment. Mahone v. Waddle, 564 F.2d 1018, 1031 (3d Cir. 1977). Moreover, the Act of 1871, unlike the Act of 1866, is addressed only to the state and to those acting under color of state authority. Id. (citations omitted).

Section 1983, on its face admits of no defense of official immunity as it is a codification of § I of the Civil Rights Act of 1871. The text of the statute purports to create a damages remedy against every state official for the violation of any person's federal constitutional or statutory rights. The coverage of the statute is thus broader than the pre-existing common law of torts, Kalina v. Fletcher, 522 U.S. 118, 118 S.Ct. 502 (1997), citing, Buckley v. Fitzsimmons, 509 U.S. 259, 261,113 S.Ct. 2606, 2609,125 L.Ed.2d 209 (1993). It subjects to liability "[e]very person" who, acting under color of state law, commits the prohibited acts. The Supreme Court has recognized two kinds of immunities under § 1983. Most public officials, including police personnel, are entitled only to qualified immunity. Harlow v Fitzgerald, 457 U.S. 800, 807, 102 S, Ct. 2727, 2732, 73 L.Ed.2d 396 (1982).

Where a plaintiff suffers injury at the hands of at least one police officer, then a claim against the City under Section 1983 is proper. Id. It goes without saying that in the instant case, the plaintiff establishes a claim against at least one of the police personnel, along with the municipality, and medical provider it negligently contracted with/hired.

Although, the local governments may not be held liable under § 1983 for actions of their employees on theory of respondent superior, they may be held to answer for constitutional violations caused by official policy or custom of a municipality. Monell supra. at 436 U.S. 694. The Supreme Court defined such a municipal policy as a "statement, ordinance, regulation, or decision officially adopted and promulgated by [a local governing] body's officers, *Id,* at 690, 98 S.Ct. at 2036. "[M]unicipal liability under § 1983 attaches where a deliberate choice to follow a course of action is made from among various alternatives." Pembaur v. City of Cincinnati, 475 U.S. 469,483,106 S.Ct.1292, 1300, 89 L.Ed.2d 452 (1986). A municipal custom for § 1983 purposes is "such practices of ... officials [as are] so permanent and well-settled as to constitute a 'custom or usage' with force of law." Kis v. County of Schuylkill, 866 F.Supp. 1462 (E.D.Pa.1994). Furthermore, local governments may be held to answer for constitutional violations caused by official policy or custom of the municipality. Id.

Plaintiff's well plead allegations of the many municipal inadequacies raise genuine discoverable and, likely, triable issues with regard to the City's failure to provide the plaintiff with proper and timely medical care where it acted in a deliberately indifferent manner to the safety and rights of prisoners to receive proper medical care while in its custody.

To the extent, if any; that the court deems additional factual detail is needed, plaintiff can supply the same and should be permitted to do so in an amended pleading. See Phillips v. County of Allegheny, 515 F.3d 224, 245(3rd Cir. 2008), Alston v. Parker, 363 F.3d 229, 235 (3rd Cir. 2004) (in civil rights action leave to amend should be freely granted unless it would be inequitable or futile to do so).

Under City of Canton, a local government unit may be liable for injuries caused by deliberate indifference to the rights of those persons with whom the employees come

into contact. 109 S.Ct at 1204. <u>City of Canton</u>, together with <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 105 S.Ct. 2427 (1985), apply to § 1983 actions for local government policies or customs which are themselves facially constitutional, yet which are enacted with deliberate indifference to the constitutional rights of the plaintiff. The Court in <u>Canton</u> observed that failure to train may amount to deliberate indifference where the need for more or different training is obvious, and inadequacy very likely to result in violation of constitutional rights. Id. at 389, 109 S.Ct 1197. See e.g., ECF. No 37.

Similarly, the Defendants in the instant matter were deliberately indifferent to the Constitutional rights of Plaintiff and to his rights to be free of excessive force. A court's refusal to entertain § 1983 actions against state entities violates the Supremacy Clause. <u>Howlett v. Rose</u>, 496 U.S. 356 (1990). Conduct by persons acting under color of stale law which is wrongful under § 1983 cannot be immunized by state law. Under <u>Monell supra</u>. local government units can be sued directly for damages, injunctive or declaratory relief. See. e.g., <u>Memphis Police Dept. V. Garner,</u> 471 U.S. 1 (1985). See e.g., Exhibit "B" at ¶¶ 18, 20, 29, 30-32, 50, 52, 53, 65, 67, 70, 72, 76, 81 and 97.

A reasonable jury could find based upon the facts cited in the amended complaint, that the City was deliberately indifferent to and in fact authorized, the conduct of the police officers which in turn led them to violate plaintiff's Fourth and Fourteenth Amendment Due Process Rights. It is also for the jury to decide whether the decision of City officials to hire Corizon in light of all facts "...have caused the deprivation of plaintiff's rights at issue by policies which affirmatively command that it occur, see <u>Monell</u>, 436 U.S. at 661, n.2, or by acquiescence in a longstanding practice or custom which constitutes the 'standard operating procedure' of the local governmental entity. (citation omitted)". <u>Jett. v. Dallas Independent School Dist</u>, 491 U.S. 701 (1989). A jury

must decide if the City was deliberately indifferent in contracting Corizon knowing its predecessor's history of negligent medical care. Likewise, whether the City was responsible for the excessive force used by its officers (an issue not raised by Defendants in the instant motion).

In the instant case, the defendants' motion is premature since discovery is incomplete. The allegations in the amended complaint are sufficient to put the defendants on notice of the claims, but need to be developed further in discovery. In the alternative, Plaintiff seeks permission to amend his amended complaint.

### C. Plaintiff Failed to Allege Claims Against Officer Hunter, Officer Rebstock, Officer Sulock, Officer Schweitzer, Officer Maminski, Officer Hamoy and Ryan, Sgt. Woods

Since the filling of Defendants' instant motion, the Plaintiff has been deposed. Plaintiff agrees that Defendant Officers Hunter, Officer Rebstock, Officer Sulock, Officer Schweitzer, Officer Maminski, Officer Hamoy and Ryan, Sgt. Woods **only** may be dismissed as he does not know the names of the two officers that took him to the emergency room and the officers drove by the assault of the plaintiff, but did not stop at the scene of the assault. Plaintiff is proceeding against Defendants, City, Vandermay and Killman **only**.

### D. Search and Seizure

With respect to paragraphs D, E, F and G, the Defendants' 12(b)(6) Motion to Dismiss is improper under Federal Rule of Civil Procedure 12. The Defendants could have raised those issues in their initial motion pursuant to Rule 12(b)(6) and did not. Compare ECF No. 20 and 37. Those portions of the current filing violate the Federal Rules of Civil Procedure.

> "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under rule 12 must not make another motion… raising a defense or

objection that was available to the party but omitted from its earlier motion". Fed. R. Civ. P. 12(g)(2). This "consolidation rule" is intended 'to eliminate unnecessary delay at the pleading stage by encouraging the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense simultaneously rather than interposing these defenses and objections in piecemeal fashion."

*Leyse v. Bank of America National Association*, 804 F. 3d 316, (3rd Cir. 2015); citing, *Charles Alan Wright & Arthur R. Miller*, 5C Fed. Prac. & Proc. Civ. Section 1384 (3d ed. 2014)

Since none of the exceptions specified in Rule 12(g) apply here, the Defendants' subsequent Rule 12 motion in paragraph D, E, F and G are procedurally barred and it would be improper for this Honorable Court to consider those portions of the current motion. *Leyse*, supra., relying upon Rule 12(h) and *Albers v. BD of CNTY. Comm'rs of Jefferson Cnty., Colo.*, 771 F.3d 697, 703 (10th Cir. 2014).

### E. Plaintiff Did Sufficiently Allege an Equal Protection Claim

Plaintiff incorporates by reference the argument in ¶ D above the same as if set forth herein at length.

### F. Eighth Amendment

Plaintiff incorporates by reference the argument in ¶ D above the same as if set forth herein at length.

The Plaintiff most certainly alleges facts making out an Eighth Amendment claim for cruel and unusual punishment. The entire time that he was incarcerated, was due to the actions of Defendants, Vandermay and Killman. Further, he repeatedly requested that he be permitted to see a doctor during his incarceration, yet it took the City, and its deliberately indifferent contractors, over eleven months to get an MRI and necessary

surgical intervention which delay caused permanent non-repairable damage. See ECF No. 37 and Exhibit "B".

### G. Plaintiff Did Not Fail to Allege a Claim for Due Process Violation

Plaintiff incorporates by reference the argument in ¶ D above the same as if set forth herein at length.

### III. CONCLUSION

Initially, the instant matter should be stayed pending the outcome of the PCRA which has been filed for all of the foregoing reasons. The Second Motion of the Defendants' for Judgment on the Pleadings should be denied. In the alternative, should this Honorable Court find any count or factual allegations in the amended complaint to be insufficient, then leave to amend a complaint "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178 (1962). The amended complaint certainly has not prevented the Defendants from participating in discovery, therefore it

                Respectfully submitted,

                */s/ Rania M. Major, Esquire*
                Rania M. Major, Esquire
                RANIA MAJOR, P.C.
                2915 North 5th Street
                Philadelphia, PA  19133
                (215) 291-5009
                ATTY. I.D. NO. 51298
                ATTORNEY FOR PLAINTIFF

Date: October 22, 2019