IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CURTIS LEE,

          *Plaintiff,*

v.

CITY OF PHILADELPHIA, *et al.*,

          *Defendants.*

CIVIL ACTION
NO. 18-05332

## Order

    Curtis Lee sued the City of Philadelphia and several Philadelphia Police Officers for violating his rights under 42 U.S.C. § 1983, the United States Constitution and Pennsylvania state law. The Defendants moved for judgment on the pleadings (ECF No. 20). The Court denied that motion as to Lee's failure-to-intervene claims against the individual defendants. *See* (Order on Mot. for J. on Pleadings ¶ 8, ECF No. 30). The Court granted the remainder of the motion. Lee's state-law claims against the City and the official-capacity claims against the individual defendants were dismissed with prejudice; his other claims without prejudice.[1] *See* (*id.* at ¶¶ 1–7). Lee filed an Amended Complaint (ECF No. 34), which the Defendants now move to dismiss,[2] *see* (Mot. to Dismiss Am. Compl., ECF No. 37). In his Response, Lee withdrew his claims against all individual defendants except Vandermay and Killman. (Resp. to Mot. to Dismiss 14, ECF No. 40).

---

[1]     The Court also dismissed Counts X, XI, XV, XVI and XVIII with prejudice as duplicative of other counts. *See* (Order on Mot. for J. on Pleadings ¶ 7).
[2]     The Defendants concede that Lee has stated claims against Defendant Vandermay for assault and battery, as well as a 42 U.S.C. § 1983 claim against Vandermay for excessive force under the Fourth Amendment. *See* (Mot. to Dismiss Am. Compl. 15, ECF No. 37).

1

After reviewing Defendants' Motion to Dismiss Amended Complaint (ECF No. 37) and Lee's Response to Motion to Dismiss (ECF No. 40) and based partly on the Court's prior Memorandum[3] (ECF No. 29), it is **ORDERED** that the Motion is **GRANTED in part and DENIED in part**.  All dismissals are **with prejudice**.

1. All claims against Defendants Hunter, Rebstock, Sutlock, Schweitzer, Maminski, Hamoy and Woods are **DISMISSED as withdrawn**, *see* (Resp. to Mot. to Dismiss 14);

2. The Motion is **DENIED** with respect to the 42 U.S.C. § 1983 claim in Count I against Defendant Killman for failure to intervene.  All other claims in Count I are **DISMISSED** as duplicative of, or encompassed in, other counts;[4]

3. Count II is **DISMISSED**;[5]

4. Count III is **DISMISSED** as duplicative of Count II;

5. Count IV is **DISMISSED**;[6]

6. Count V is **DISMISSED** for lack of any supporting facts suggesting that Vandermay and Killman discriminated against or treated Lee differently because of his race or disability;

---

[3] As part of this Order, the Court incorporates the factual background and findings from its prior Memorandum (ECF No. 29).

[4] As Defendants concede, Lee has stated a 42 U.S.C. § 1983 claim against Vandermay in Count I.  *See* (Resp. to Mot. to Dismiss 15).  That claim may continue.

[5] The Eighth Amendment claims in Count II fail to allege facts suggesting that Vandermay and Killman personally participated in any alleged violation of the Eighth Amendment.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  All other claims in Count II are duplicative of, or encompassed in, other counts.

[6] The Fourth Amendment claim in Count IV for unreasonable search and seizure is barred under *Heck v. Humphey*, 512 U.S. 477 (1994), for the reasons given in the Court's prior Memorandum (ECF No. 29).  The excessive bail, equal protection and due process claims lack any supporting allegations.  All other claims in Count IV are duplicative of, or encompassed in, other counts.  *See* (Am. Compl. ¶¶ 81–86).

7. Count VI is **DISMISSED**;[7]

8. The Motion is **DENIED** with respect to the state-law claim in Count VII that Defendant Killman failed to protect Lee from Defendant Vandermay's alleged assault and battery;

9. Count VIII against the City of Philadelphia is **DISMISSED** for failure to adequately allege a basis for municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and for the same reasons given in the Court's prior Memorandum (ECF No. 29). To the extent that Count VIII realleges state-law claims against the City, those claims are—again— **DISMISSED**;

10. All claims for monetary relief under the Pennsylvania Constitution are (once again) **DISMISSED**;

11. Lee's request for leave to amend is **DENIED**.[8]

---

[7] The claims of false arrest, false imprisonment and malicious prosecution in Count VI are barred under *Heck*, for the reasons given in the Court's prior Memorandum (ECF No. 29). All other claims in Count VI are duplicative of, or encompassed in, other counts. *See* (Am. Compl. ¶¶ 91–94).

[8] The Court has already given Lee a chance to cure the deficiencies in his Complaint. Rather than do so, Lee reiterates—often verbatim—the same inadequate allegations that the Court previously dismissed. What minor changes Lee did make are not helpful. The Amended Complaint, like its predecessor, is an "abject mess" of rambling, duplicative and frivolous allegations, (Mem. 1, ECF No. 29.) Worse still, it repeats claims that the Court had already dismissed with prejudice. *Compare* (Am. Compl. ¶ 108 (raising state-law claims against the City)), *with* (Order ¶ 5, ECF No. 30 (dismissing state-law claims against the City with prejudice)). Throughout this litigation, Lee has done everything possible to delay proceedings. *See, e.g.*, (First Mot. for Stay, ECF No. 6); (Mot. to Reconsider Order Denying First Mot. for Stay, ECF No. 12); (Second Mot. for Stay, ECF No. 19); (Resp. to Mot. to Dismiss 16 (again asking for a stay)); (Mot. for Extension to File Am. Compl., ECF No. 32); (Mot. for Extension to file Resp. to Mot. to Dismiss, ECF No. 38). Given Lee's dilatory tactics and disregard for the Court's prior orders in reasserting duplicative, previously dismissed and baseless claims, the Court finds that Lee's request for leave to amend is in bad faith and calculated to delay proceedings. Under these circumstances, justice requires denying Lee's request for leave to amend and allowing him to continue with only the claims that he has adequately alleged in the Amended Complaint.

4

                        BY THE COURT:

                        ***/s/ Gerald J. Pappert***
                        GERALD J. PAPPERT, J.   11/13/2019