**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURTIS LEE,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| | : | |
| **v.** | : | **NO. 18-5332** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES
TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants, Police Officer Donald Vandermay and Badge No. 3160; Police Officer Robert Killman, (collectively as "Defendants"), by and through the undersigned counsel, hereby file this Answer with Affirmative Defenses and aver as follows:

1.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

2.     Admitted.

3.     Admitted.

4.     Admitted.

5.     Admitted in part, denied in part. Admitted only that Defendant Officers were acting under color of state law. The remaining allegations contained in this paragraph constitute conclusions of law and therefore require no response. To the extent a response is required, denied.

6.     Admitted in part, denied in part. Admitted only that Defendants were acting under color of state law. The remaining allegations contained in this paragraph constitute conclusions of law and therefore require no response. To the extent a response is required, denied.

7.      Denied. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  To the extent a response is required, denied.

8.      Denied. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  To the extent a response is required, denied.

9.      Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

10.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

11.     Admitted that PPD was conducting an investigation into drug sales at or near 3100 Weymouth Street.

12.     Denied as to the characterization that Officer Killman was "in charge." Admitted that both Defendants were both participating in the investigation.

13.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

14.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

15.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

16.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

17.     Denied that Officer Vandermay ever "became angry" with Plaintiff.

18.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

19.     Denied that as to the use of term "around the same time" as Defendants deny the allegations in Paragraph 18 ever occurred, but admitted that as a result of the investigation arrest were made.

20.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

21.     Denied. Denied that Officer Vandermay ever used excessive force on Plaintiff, assaulted or battered Plaintiff, and therefore denied that other Defendant Officers failed to intervene. Additionally, to the extent this paragraph constitutes conclusions of law, no response is required. To the extent a response is required, none.

22.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

23.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

24.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

25.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

26.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

27.     Denied. Defendant Officers watched Plaintiff act as a lookout, verbally alerting the sellers of police presence in the area.

28.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

29.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

30.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

30.a.   Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

31.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

32.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

33.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

34.     Admitted in part, Denied in part. Admitted only that Plaintiff went to Temple University Hospital – Episcopal Campus. Denied that Plaintiff went as a result of an actions taken by Defendant Officers.

35.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

36.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

37.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

38.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

39.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

40.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

41.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

42.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

43.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

44.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

45.     Denied. After reasonable investigation, Defendants are without sufficient knowledge or information to form a belief in the truthfulness of the allegations in this paragraph.

46.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

47.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

48.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

49.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

50.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

51.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

52.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

53.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

54.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

55.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

56.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

57.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

58.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

59.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

60.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

61.      Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

62.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

## COUNT I
## PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN, HUNTER, REBSTOCK, SULOCK, SCHWEIZER, MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5 42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS

63.     No response is required to Paragraph 63.

64.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

65.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

66.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

67.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

68.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count I.

## COUNT II
### PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN, HUNTER, REBSTOCK, SULOCK, SCHWEIZER, MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5
### 42 U.S.C. § 1983 AND EIGTH AMENDMENT VIOLATIONS

69.    Dismissed.

70.    Dismissed.

71.    Dismissed.

72.    Dismissed.

73.    Dismissed.

74.    Dismissed.

## COUNT III
### PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN, HUNTER, REBSTOCK, SULOCK, SCHWEIZER, MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5
### 42 U.S.C. § 1983 AND EIGTH AMENDMENT VIOLATIONS

75.    Dismissed.

76.    Dismissed.

77.    Dismissed.

78.    Dismissed.

79.    Dismissed.

80.    Dismissed.

## COUNT IV
### 42 U.S.C.  SECTION 1983
### PLAINTIFF V.  ALL INDIVIDUAL DEFENDANTS

81.    Dismissed.

82.     Dismissed.

83.     Dismissed.

84.     Dismissed.

85.     Dismissed.

86.     Dismissed.

**COUNT V**
**42 U.S.C. SECTION 1983**
**PLAINTIFF V.  ALL INDIVIDUAL DEFENDANTS**

87.     Dismissed.

88.     Dismissed.

89.     Dismissed.

90.     Dismissed.

**COUNT VI**
**42 U.S.C. § 1983 AND FOURTH AND FOURTEENTH**
**AMENDMENT VIOLATIONS – CONSPIRACY**
**PLAINTIFF, CURTIS LEE V. ALL INDIVIDUAL DEFENDANTS**

91.     Dismissed.

92.     Dismissed.

93.     Dismissed.

94.     Dismissed.

**COUNT VII**
**PLAINTIFF V. DEFENDANTS, VANDERMAY, KILLMAN,**
**HUNTER, REBSTOCK, SULOCK, SCHWEIZER,**
**MAMINSKI, HAMOY, RYAN, WOODS AND JOHN OR JANE DOES 1-5**
**ASSAULT AND BATTERY**

95.     No response is required to Paragraph 95.

96.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

97.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

98.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

99.     Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

100.    Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

101.    Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

102.    Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

103.    Denied. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

**WHEREFORE**, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against Count VII.

**COUNT VIII**
**PLAINTIFF v.  DEFENDANT, CITY OF PHILADELPHIA**
**CONSTITUTIONAL VIOLATIONS AND NEGLIGENCE**

104.    Dismissed.

105.    Dismissed.

106.    Dismissed.

107.    Dismissed.

108.    Dismissed.

109.    Dismissed.

110.    Dismissed.

111.    Dismissed.

112.    Dismissed.

113.    Dismissed.

114.    Dismissed.

115.    Dismissed.

116.    Dismissed.

117.    Dismissed.

### JURY DEMAND

All Defendants demand a jury trial in this action.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act," 42 Pa. Cons. Stat. § 8541 *et seq.*, and aver that Plaintiff's state law remedies are limited exclusively thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff is bringing state law claims, law enforcement privilege shields the Defendants from liability on Plaintiff's state law claims. *See* 18 Pa. Cons. Stat. § 508(a)(1).

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants assert as an affirmative defense that Plaintiff was and is guilty of some or all of the charges the District Attorney filed against him, and the Defendants intend to prove his guilt by a fair preponderance of the evidence at the trial of this matter.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's criminal charges were held over at a preliminary hearing, and the holding over of criminal charges is affirmative evidence of probable cause.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the statute of limitations.

## EIGTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, sufferings, and/or damages, if any, were caused by his own willful and/or malicious misconduct.

## NINTH AFFIRMATIVE DEFENSE

Any force used against Plaintiff was reasonable and necessary under the circumstances.


WHEREFORE, Defendants deny they are liable to the plaintiff and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending against this action.


Date:  November 20, 2019                    Respectfully submitted,


                                            /s/ *Meghan E. Claiborne*
                                            Meghan E. Claiborne
                                            Assistant City Solicitor
                                            Pa. Attorney ID No. 315918
                                            City of Philadelphia Law Department
                                            1515 Arch Street, 14th Floor
                                            Philadelphia, PA 19102
                                            215-683-5447
                                            meghan.claiborne@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CURTIS LEE,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **NO. 18-5332** |
| | : | |
| **CITY OF PHILADELPHIA, et al.** | : | |
| **Defendants.** | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the date below, the Defendants' Answer with Affirmative Defenses to Plaintiff's Amended Complaint was filed via the Court's electronic filing system and is available for downloading.

Date:  November 20, 2019                          Respectfully submitted,

                                        <u>*/s/ Meghan E. Claiborne*</u>
                                        Meghan E. Claiborne